By the Court,

Nelson, Ch. J.
We do not see how, under the provisions of the statute, 2 R. S. 234, § 50, sub. 8, the set-off in this case can be allowed, as the defendant had not a demand existing against the nominal plaintiff at the time of the assignment of the note to Clark. The judgment in his favor had not then been obtained; besides, it was a judgment for a tort, and until its rendition he cannot be considered as having a demand within the meaning of the statute of set-off.
The section above referred to authorizes a defendant in an action founded upon a contract (other than negotiable paper) which has been assigned to a third person, to set off a demand belonging to him in good faith before notice of the assignment ; but it must be a demand which was in existence against the plaintiff at the time he made the assignment. A debt accrued subsequently is impliedly excluded; the legislature undoubtedly believing in such case that the equity of the assignee was the strongest, even in the absence of notice to the defendant. . The distinction is new and the reason for it not obvious, where the defendant has purchased the demand with a view to apply it in satisfaction of a demand held against him ; the time when it accrued does not seem at all important in balancing the equities of the parties. The fault lies rather with the assignee in not giving previous notice of the assignment, thereby leaving the defendant to believe the plaintiff to be still the owner of the demand. The language of the statute, however, is explicit and the rule imperative upon the courts. In this particular case the defendant can set up no such equity as we have alluded to, because the demand is one that has subsequently accrued to himself, his ownership not being occasioned by the supposition that the plaintiff still held the note in question.
Judgment reversed?