## THE YONKERS AND NEW YORK FIRE INSURANCE COMPANY v. NATHANIEL C. BISHOP.

Where the affidavit of the defendant in summary proceedings to dispossess for the non-payment of rent raises two questions, and the jury finds generally for the defendant, both questions are presumptively *res adjudicate*, and in a subsequent proceeding, in which one of such questions arises, it is for the plaintiff to show that it was not passed upon by the jury.

Where, in the summary proceedings, the defendant's affidavit denied his indebtedness on various grounds, including that of eviction by title paramount, and also denied any demand of the rent, and the jury found a general verdict for the defendant,—*Held*, in a subsequent action for the same rent, that the verdict was presumptively *res adjudicata* on both points, and that it was for the plaintiff to show that the jury only passed on the question of demand.

APPEAL by the defendant from a judgment entered on a referee's report.

The action was brought to recover six months' rent from May 1st, to November, 1st, 1863, of a portion of the basement of the building No. 161 Broadway. The first story above the basement was leased in February, 1863, by the owner in fee of the premises to the Columbia Fire Insurance Company. In March, 1863, the landlord leased the basement to the plaintiffs in this action, who in April, 1863, sub-let the rear portion of the premises to the defendant. The defendant's premises were

29

in part lighted by floor lights from the story above. In November, 1863, summary proceedings were commenced by the plaintiffs for the eviction of the defendant for non-payment of rent. The defendant in those proceedings made affidavit that he was not justly indebted for rent of the premises, setting up specially, as an eviction by title paramount, the darkening of the floor lights by the Columbia Company to such an extent as to make the premises untenantable. His affidavit also denied any demand of the rent. The verdict of the jury was in favor of the defendant, and judgment was given in accordance with it.

The plaintiffs then brought this action. On the trial before the referee, the plaintiff having rested, the defendant gave the former proceedings in evidence. The summons and affidavit, with their endorsement as to the verdict, were read, and the defendant offered parol testimony to show that the jury found their verdict solely on the ground that there had been an eviction of the defendant by title paramount. This was excluded by the referee, who held that the verdict did not render the question *res adjudicata*. The defendant then gave other evidence to show an eviction. The plaintiff offered no evidence as to the proceedings before the jury in the summary proceedings. The referee thereupon rendered judgment in favor of the plaintiff for one hundred and sixty-five dollars and thirty-three cents, from which the defendant appealed.

*A. R. Dyett*, for appellant.

*Knox & Mason*, for respondents.

By the Court.—Daly, F. J.—In the summary proceedings instituted by the plaintiff to dispossess the defendant, the defendant traversed the second allegation that he was indebted to the plaintiff for two quarters' rent, from the first of May to the first of November, 1863, that he had made default in the payment of the rent, that he had held over after making default, without the landlord's permission, that the rent had been demanded of him; and set up in his affidavit the facts upon which he now relies as constituting the eviction. The present action

was brought to recover the quarter's rent from the first of May to the first of November, 1863, so that the question at issue in this action, whether the defendant was indebted for that quarter, was at issue in the summary proceedings.

The issue created by the affidavit in that proceeding presented substantially two questions, 1. Whether the defendant was indebted for the rent alleged in the plaintiff's affidavit to be due, and 2. Whether it had been demanded so as to entitle the plaintiff (under the statute) to institute the proceedings; upon either of which questions, the verdict of the jury in favor of the defendant was conclusive and final.

It was settled by the highest Court of authority in this State, in *White* v. *Coatsworth* (2 Seld., 137), that the verdict of a jury in summary proceedings that no rent was due from the tenant to the landlord, was conclusive upon that question, and a bar to any further or other proceeding on the part of the landlord for the rent.

The jury in this case may have rendered their verdict upon the ground that no rent was due, and where that appears upon the inspection of the proceedings, it was with the plaintiff, and not with the defendant, to show that that question was not raised upon the evidence submitted to the jury, and that their verdict upon the evidence before them must have been upon the other ground that no demand was made for the rent (*Bagot* v. *Williams*, 3 Bar. & Cres., 235; *Seddon* v. *Tutop*, 6 T. R., 607; *Phillips* v. *Berick*, 16 Johns., 136; *Hale* v. *Andrus*, 6 Cow., 225; *Snider* v. *Croy*, 2 Johns. R., 229).

The defendant offered to show by the testimony of the jurors, that they found their verdict solely upon the ground that he had been evicted by title paramount, but the referee would not allow him to do so, holding that the verdict of the jury in the summary proceedings was not *res adjudicata* upon the question of eviction. In this he was in error, and as the plaintiff did not show that the question of the defendant's indebtedness for the quarter's rent was not before the jury, the referee should have found for the defendant. A matter which has once been judicially determined between the same parties, is not to be agitated again (*Duchess of Kingston's Case*, 20 How. St. Trials, 613); and if the jury erred, as they probably

did, in concluding that the facts set up amounted to an eviction, the plaintiff should have reviewed their finding by certiorari, and not have attempted to try the question over again by bringing an action for the rent.

Judgment reversed.