# NEW YORK COMMON PLEAS.

### John Powers agt. Calvin Witty.

The judgment of a justice in *summary proceedings*, in favor of the landlord for the amount of rent claimed to be due, is a *bar* to subsequent proceedings on the part of the tenant to litigate the proceedings in another court, by *certiorari*, although such judgment was taken by *default*.

A judgment by default being *pro confesso*, or equivalent to judgment by consent, is as conclusive as upon litigation as to the material issues.

*General term, argued Oct.*, 1871, *decision filed, Feb.*, 1872.
Charles P. Daly, *Ch. J.*, R. L. Larremore, *and* Joseph F. Daly, *JJ.*

This action was commenced in the 5th district court of this city and removed to this court on application of the defendant. It was brought to recover the sum of $233 32-100, for four months rent, to wit, from September 1, 1869, to January 1, 1870, for premises known as the first floor of house, Number 741 Ninth street, in the city of New York; and also for $19.17 rent of those premises from January 1, 1870, up to the time the plaintiff obtained possession of them by a judgment, and warrant issued, in proceedings usually known as "summary proceedings to recover the possession of land," together with the costs and disbursements of those proceedings, and interest on these amounts, $6.75. The cause was tried before Judge Loew and jury, May 12, 1871. There was no question made on the trial as to the right of the plaintiff to recover the last amounts. The plaintiff introduced in evidence, under the defendant's objection and exception, the affidavit, summons, proof of service of the summons upon the defendant, judgment and warrant in these

summary proceedings, which are mentioned and referred to in the pleadings in this action.

The only other exception in the case was to the question asked at *fol. 39 of case.*

The judge directed the jury to find a verdict in favor of the plaintiff against the defendant for the sum of $283.43, the defendant's exceptions to be heard in the first instance at general term, and judgment meantime suspended.

There was no objection or exception taken by the defendant to the direction of the judge to the jury to find a verdict for the plaintiff, or to the direction given as to the subsequent course of the action.

A. C. ANDERSON *and* JOHN GRAHAM, *for plaintiff.*

The following points are made for the plaintiff:

I. The objection of the defendant to the record and warrant of dispossession being received in evidence, is untenable. The proceedings were between the same parties. The defendant had been duly served with a copy of the summons the fact being admitted by his answer. The judge had jurisdiction of the parties and subject matter. The questions made by those proceedings were mainly the same as at issue in this action. The signature of the justice was admitted, that he was the judge; and that he issued the summons and warrant and rendered the judgment.

*The only grounds of objection were, that the record was incompetent and immaterial.*

No objection was made as to the form or sufficiency of the proof of the record.

The defendant cannot now make any other grounds of objection, except that made on the trial (*Fountain* agt. *Pettee,* 38 *N. Y.,* 184; *Blossom* agt. *Barrett, et al* 37 *N. Y.,* 435.)

The evidence was competent and material, and established and fixed the rights and liabilities of the parties.

The rule of law is believed to be, that the judgment or

decree of a court possessing competent jurisdiction, is not only final as to the subject matter thereby determined, but also as to every other matter which the parties *might* litigate in the cause, and which they *might* have had decided as incident to, or essentially connected with, the subject matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and of defense (*Clemens* agt. *Clemens*, 37 *N. Y.*; *Opinion of* DAVIES, *ch. J., p.* 74; *Hyatt* agt. *Bates et al.* 35 *Barb.*, 308).

It is of no consequence whether the judgment rendered was by a court of general or limited jurisdiction, the rule is the same (*Embury* agt. *Conner, 3 N. Y.*, 522).

This rule applies to the judgment of a justice of the peace (*Boyer* agt. *Schoefield, 2 Keyes,* 631; *Gates,* agt. *Preston,* 41 *N. Y.*, 113).

"There is no difference in the application of this rule whether the first adjudication be in a formal action or in a proceeding summary in its character." (*Demarest* agt. *Darg,* 32 *N. Y.*; *Opinion of* DAVIS, *J.,* 290).

This rule also applies to "summary proceedings" (*Gillilan* agt. *Spratt,* 8 *Abb. N. S.*; *Opinion of* DALY, *Ch. J.,* 14 & 16; *The Yonkers & N. Y. Fire Ins. Co.* agt. *Bishop,* 1 *Daly,* 449).

DALY F. J. in giving the opinion in this case, cites the case of *White* agt. *Coatsworth* (6 *N. Y.* 137), in which the law as to the force and effect of a judgment in "summary proceedings" is fully considered and settled. RUGGLES, *Ch. J.,* says, (141): "I perceive no reason on general principles why a verdict in favor of the landlord finding a certain amount of rent to be due, would not be *conclusive evidence in a subsequent action for the rent.* Judge EDMONDS in his opinion in the same case, after stating the rule of law as to the judgment being conclusive, says, p. 143; "and it makes no difference, that I can discover, whether the first application is in a proceeding according to the common law or summary

in its character;" and again at p. 144; "the fact that the statute authorizes the proceeding to be summary, cannot change or affect the operation of a general rule as necessary as it is salutary" *(see also Kelsey* agt. *Ward,* 16 *Abb.,* 98; *Affirmed in Court of Appeals,* 38 *N. Y.,* 83).

We submit that the rule is the same whether the judgment be by *default,* or after issue (*Baron* agt. *Abeel,* 3 *Johns.* 481; *White* agt. *Merritt,* 7 *N. Y.,* 352; *affirmed in Gates* agt. *Preston, Supra.; Metropolitan B. of H.* agt. *Heister,* 37 *N. Y.,* 665; *see Opinion of* HUNT, *Ch. J.,* 671).

*Maltby* agt. *Greene* (1 *Keyes,* 548), holds that a judgment by default is equivalent to a judgment by confession, p. 550.

All the questions and every and any defense the defendant had could have been set up by him in the summary proceeding before Judge KOCH.

What was the plaintiff required to show to obtain a judgment in that proceeding?

1st. That he was the landlord of the premises.

2d. That the defendant was his tenant, under an agreement for a rent of $58 33-100 per month, payable monthly, for the use and occupation of the premises.

3d. That the defendant on January 1, 1870, was indebted to the plaintiff in $233 32-100 for rent of the premises from September 1st, 1869, to January 1st, 1870.

4th. That the rent had been demanded from the defendant after it became due.

5th. That the defendant made default in the payment of the rent pursuant to the agreement under which the premises were held.

6th. That the defendant held over and continued in possession of the premises without the permission of the plaintiff after such default in the payment of the rent (3 *R. S., 5th ed. p.* 836, § 28.)

Upon the return of the summons the defendant could "file an affidavit denying the facts upon which the summons

was issued, or any of those facts, and the matters thus controverted could be tried (*Id.*, § 34.)

The rule in such proceedings is, that whatever is not denied is admitted. If the tenant does not appear at all he admits everything. If he partially denies, he admits what he does not deny (*McGuire* agt. *Ulrich*, 2 *Abb.*, 28 ; *The People et al. Teed* agt. *Teed*, 33 *How.*, 240.)

To permit the defendant to set up in this action, any defense he could or might have set up before Judge KOCH, would try over again the plaintiff's right to uphold or recover in the "summary proceedings." Indeed; the rule as to the judgment being conclusive, would be a mere delusion if the defendant might still question it by opening all or any of the original merits on his side. It would be equivalent to granting a new trial.

II. The question by the defendant's counsel, to the plaintiff on cross-examination, as to what was the nature of the lease, or character of the agreement, made with the defendant, was manifestly irrelevant and incompetent.

All that, had been determined by the judgment in the summary proceedings. The plaintiff's affidavit had to, as it did, cover these matters.

The witness had not given any evidence on his direct examination on that subject.

III. The plaintiff should have judgment on the verdict.

W. H. DURYEA *and* J. F. BAKER, *for defendant.*

*By the court,* JOSEPH F. DALY, J.—This action was brought to recover $233 32 for rent of premises 741 Ninth Avenue, alleged to be due January 1, 1870, pursuant to the terms of lease made by plaintiff to defendant. On the trial, the plaintiff proved certain proceedings under the Revised Statutes, part 3, chap. 8, title 10, art. 2, § 28, &c., to recover possession of the same premises for non-payment of the same rent, which proceedings were commenced by

plaintiff against defendant, and in which judgment was rendered in plaintiff's favor by default, and a warrant was issued under the same statute, section 39. The service of the summons on defendant pursuant to section 32, was admitted also, that defendant did not appear on the return day (*sec.* 34,) but suffered judgment by default to be taken.

The question is, whether in this action at law, brought to recover the same rent specified in the affidavit in such summary proceedings, the judgment in favor of the landlord (this plaintiff) is conclusive upon the tenant (this defendant,) such judgment having been rendered by default. It is not possible under the decisions in this state, to hold that it is not. The judgment of the justice in summary proceedings, that no rent is due, is a bar to subsequent proceedings on the part of the landlord, for the rent (*Yonkers & N. Y. Fire Ins. Co.* agt. *Bishop,* 1 *Daly,* 451 ; *White* agt. *Coatsworth,* 3 *Seld.* 137,) and a judgment in favor of the landlord in such proceedings would be equally conclusive upon the tenant (*Kelsey* agt. *Ward,* 38 *N. Y.,* 83.) And it is equally well settled, that a judgment by default being *pro confesso,* or equivalent to judgment by consent is, as conclusive as if upon litigation as to all material issues (*Maltby* agt. *Green,* 1 *Keyes,* 548 ; *Baron* agt. *Abeel,* 3 *Johns.,* 481 ; *White* agt. *Merritt,* 7 *N. Y.,* 352 ; *Gates* agt. *Preston,* 41 *N. Y.,* 43.)

It was necessary for the landlord in the summary proceedings to aver and prove before he could recover judgment :

·1*st.* That the relation of landlord and tenant existed, and the agreement under which the defendant was in possession.

2*d.* Default, in the payment of rent, and demand which includes the amount of rent due on the day alleged. The amount of rent due was a necessary averment, in order to enable the justice to grant the stay under the judgment or warrant (*sec.* 44.)

As the object of the summary proceedings was, to recover possession only, and the defendant was probably under the

impression, that his default entailed no other consequences, I have been careful to examine the question in all its phases, but am satisfied, that while the judgment of the justice remains in force, it is conclusive upon the defendant in this action. If he suffered the default under circumstances entitling him to equitable relief against the judgment thereon, his proper course is by bill in equity to set it aside.

The judgment appealed from as it stands, however, must be modified to the extent of $19 17, and interest from January 1st, 1870, the sum obtained for use and occupation, the landlord having elected to terminate the lease, and having thereby deprived himself of the right to recover for any part of the month.

Judgment for the residue ordered.

DALY, C. J.—The affidavit upon which the summary proceedings were founded, specified the amount of rent that was due in the agreement under which it became due, and the demand of it. If it had not it would have been defective, for the affidavit is in the nature of a complaint, and must distinctly set forth facts sufficient to give the officer jurisdiction (*Hill* agt. *Stocking,* 6 *Hill,* 317 ; *Anderson* agt. *Prindle,* 19 *Wend.,* 396 ; *Simpson* agt. *Rhinelander,* 20 *Wend.,* 103.) It would not have been sufficient to have stated simply, that the tenant had made default in the payment of the rent pursuant to the agreement under which he held the premises in the general words of the statute, but the affidavit must contain such facts as will enable the officer to draw the judicial conclusion, that there has been a default in the payment of the rent, pursuant to the agreement (*Anderson* agt. *Prindle, supra,*) and among these essential facts is the amount of rent due, and the demand of it, or the notice in writing requiring the payment of it. All, therefore, that the landlord would have to aver and prove in an action for the rent, he has averred in the affidavit upon which the summary proceedings were founded, and the tenant has admitted it by

allowing these proceedings to go by default. If such proceedings are conclusive against the landlord where the decision of the officer is, that no rent was due, as has been held in the cases to which Judge DALY has referred, they must be equally so where the officer adjudges, that the tenant, is indebted, whether the tenant traverses the statement in the affidavit of the rent due, or admits it by allowing the judgment to go by default. He may show in that proceeding, that no rent at all is due, or if he admits that some is due, but not as much as the landlord claims, he may tender that amount, and by denying that any more is due, put the landlord to the proof of it for he may deny the facts upon which the summons issued or any of them (2 *Rev. Stat. p.* 423, § 34, *2d ed.*).

All this being the' case, there is no reason why the judgment rendered in the summary proceedings should not be final and conclusive upon the point, that he avers the amount of rent for the non-payment of which he is adjudged to be in default, whether he appears and contests his indebteness, or allows the proceedings to go by default.

LARREMORE, J.—I think, upon the evidence, judgment should be ordered for the full amount of the verdict.