EPHRAIM D. BROWN *against* THE MAYOR, &C., OF THE CITY OF NEW YORK.

The judgment record, in summary proceedings to recover the possession of leased premises, is conclusive between the parties to it, not only as to the right of the landlord to the possession of the premises, but also as to the amount of rent due.

A summary proceeding to recover possession of leased premises is not an action or special proceeding within the meaning of L. 1860, c. 379, § 1, which provides that certain courts (not including Justices' Courts) shall have exclusive jurisdiction of all actions and special procedings in which the mayor, aldermen and commonalty of the city of New York is a party defendant.

APPEAL by defendant from a judgment of this court, entered on the verdict of a jury under the direction of the court. The facts are fully stated in the opinion.

*E. Delafield Smith*, for appellant.

*Thomas J. McKee*, for respondent.

ROBINSON, J.—Defendants in this action were sued for rent of premises, alleged to have been let to them by plaintiff's assignor, by lease dated March 17th, 1870, of premises in the city of New York, for five years from March 1st, 1870, at the annual rent of $3,000, payable quarterly, on the first days of June, September, December and March. The complaint alleges the lease, entry and occupation of the premises until May 1st, 1873, the assignment of the lease to plaintiff in February, 1871, and the non-payment of the rent accruing from June 1st, 1871, to March 1st, 1873, amounting to $5,250, for which, with interest on the several installments as they became due, judgment was demanded. These allegations were denied by the answer, and the only proof to sustain them, offered on the trial, was a record of summary proceedings instituted by the plaintiff, before William J. Kane, a justice of the Eighth Judicial District of this city, against these defendants as tenants, and the board of

police commissioners of said city, as under-tenants, under the provisions of the Revised Statutes (2 R. S. 513, sections 28 to 43), relating to "summary proceedings to recover possession of land," by landlords against tenants. It appeared therefrom that said proceedings were initiated by the plaintiff on the 7th day of March, 1873, upon such an affidavit as is required by section 28 (as amended by the act of 1851), alleging substantially the same facts as to the lease, use and occupation under it, the assignment of the lease to plaintiff, and non-payment of rent subsequently accruing and becoming due on March 1st, 1873, for the previous seven quarters, as stated in the complaint, and the holding over of the premises by defendants as tenants, and the board of police commissioners of said city as under-tenants, without permission of the plaintiff as landlord, after non-payment of the rent as above demanded. Upon presentation of this affidavit by the plaintiff to the justice, a summons in due form was issued by the latter, directed to these defendants and said board of police commissioners, returnable on the eleventh day of the same month, which was served by the marshal upon William T. Havemeyer, the mayor of said city, and Thomas J. Barr, secretary of said board of police, on the eighth day of March, 1873. On the return day, plaintiff appeared and demanded the rent or possession of the premises for non-payment thereof. These defendants did not appear, but the board of police commissioners did, and requested an adjournment of the proceedings to the 13th of March, which by consent of the plaintiff was granted. On the latter day, no cause being shown to the contrary, the justice rendered judgment in favor of the landlord, and that he have possession of the premises for non-payment of rent; and thereupon he issued his warrant, which after reciting the said application and proceedings, and that these defendants had not shown any cause why they should not remove from said premises, said justice by said warrant directed the marshal to remove all persons therefrom, and put said plaintiff in full possession thereof. The warrant was returned by the marshal, duly executed, on the 21st day of March, 1873.

If the justice acquired jurisdiction of this proceeding, as

against the corporation, this judgment has the force of a final adjudication, as well as to the tenancy, as to the amount of rent then due, although given in such summary proceeding (*White* v. *Coatsworth*, 6 N. Y. 137; *Kelsey* v. *Ward*, 38 N. Y. 83; *Yonkers & N. Y. Fire Ins. Co.* v. *Bishop*, 1 Daly, 451); and it made no difference that it was by default (*Powers* v. *Witty*, 42 How. Pr. 352). The reason why such judgment is not only conclusive as to the alleged tenancy, but as to the amount of rent in arrear, is explained in the opinions of this court in *Powers* v. *Witty* (*supra*). The only additional objection suggested on this appeal against the validity of that proceeding is founded on the provisions of chapter 379 of the Laws of 1860, entitled "An act relating to actions, legal proceedings and claims against the mayor, aldermen and commonalty of the city of New York," which in the first section enacts, that the Supreme Court of the First Judicial District, the Court of Common Pleas, and the Superior Court of said city, should have exclusive jurisdiction of all actions and special proceedings, wherein the said mayor, aldermen and commonalty thereof are made a party defendant. The second section requires, that before any action or special proceeding shall be prosecuted or maintained against the corporation, it shall be made to appear by the complaint or moving papers, that an adjustment or payment of the claim upon which they are founded shall have been twice presented in writing to the comptroller, after an intervening lapse of twenty days from each occasion on which it has been neglected or refused. Section three authorizes the comptroller to administer oaths on examining such claims. Section four requires that all process and papers for the commencement of actions and *legal proceedings* against the corporation, shall be served either on the mayor, comptroller, or corporation counsel. Section five requires that no execution shall be issued against the property of the corporation until ten days' notice in writing to the comptroller.

This act furnishes no ground of exemption of the defendants from proceeding had against them, under the provisions of the general law relating to summary proceeding for the recovery by a landlord of the possession of premises withheld by his tenant

for the non-payment of rent, where they have become such tenants. Although the proceeding instituted by the plaintiff before the District Judge was a " legal proceeding," within the meaning of the fourth section of this act, it was not such an action or special proceeding as was referred to in the first section. That it was not a civil action, within the meaning of the code, was held in *The People* v. *Hamilton* (39 N. Y. 107), and cases cited. Nor was it any such special proceeding referred to in the act, as was required to be brought in some of the courts named in the first section, as none of them had jurisdiction of any such proceeding. By section 3 of article VIII of the Constitution of 1846, all corporations were made " subject to be sued in all courts in like cases as natural persons." Where the Code of Procedure relating to " the practice, pleading, and proceedings of *the courts of this State*," divides such civil proceedings into actions and special proceedings, it has no reference to such mere statutory proceedings ; they are not brought within the operation of any of its provisions, but remain as before the subject of review by writ of *certiorari*. After they thus become the subject of cognizance by any court, they constitute, within the meaning of the code, a " special proceeding." It is in this aspect that any force or effect could be given to the first section of the act of 1860, restricting and limiting the jurisdiction of those courts to proceedings against the corporation, of which they had cognizance ; and it follows from these views, that in summary proceedings by landlord against tenant, under the provisions of the Revised Statutes, the defendants being shown to have accepted the relation of a tenant, became subject to its incidents and liabilities ; to removal for non-payment of rent, and to all the consequences of such a judgment of removal as attached to a similar judgment " against a natural person."

DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.