EPHRIAM D. BROWN, Respondent, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

The provisions of the statute authorizing summary proceedings by a landlord to dispossess a tenant for non-payment of rent (2 R. S., 512, § 28, as amended, chap. 828, Laws of 1868) apply to and include proceedings against corporate bodies as well as individuals.

Summary proceedings were commenced in a District Court of the city of New York by plaintiff against the defendant and the board of police commissioners. The affidavit and summons alleged that defendant was the tenant, and occupied through itself and the said board as under-tenants. Defendant did not appear, but the board appeared, and, by consent, the matter was adjourned. *Held,* that the adjournment was proper, and that the court was not thereby ousted of jurisdiction to proceed on the adjourned day against defendant.

The affidavit, upon which the proceedings were based, was sworn to before a notary public. *Held,* that it was properly verified. (§ 4, chap. 741, Laws of 1870.)

A judgment taken by default in summary proceedings for non-payment of rent, until reversed, set aside or vacated, is conclusive in an action by the landlord against the tenant to recover the rent, of the facts alleged in the affidavit, and which are required by the statute to be alleged as the basis of the proceedings, to wit: the tenancy, the occupation by the tenant, the non-payment of rent due, and the holding over after default in payment.

(Argued June 5, 1876; decided June 13, 1876.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York affirming a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the facts are set forth sufficiently in the opinion.

*James C. Carter* for the appellant. The statute authorizing summary proceedings for the recovery of the possession of premises does not authorize them to be instituted against corporate bodies. (R. S., pt. 3, chap. 8, tit. 10, art. 2, § 28; Laws 1868, chap. 828, p. 1930; *Faulkner* v. *D. and. R. C. Co.*, 1 Den., 441; *School Directors* v. *Carlisle Bk.*, 8 Watts, 291; *Ministers, etc.,* v. *Adams*, 5 J. R., 347.) The adjournment was a fatal discontinuance, and all proceedings thereafter were *coram non judice* and void. (*Hogan* v. *Baker*, 2 E. D. S., 22; *Wiest* v. *Critsinger*, 4 J. R., 117; *Redfield* v. *Florence*, 2 E. D. S., 339; *Wight* v. *McClave*, 3 id., 316; *Aberhall* v. *Roach*, id., 345; *Gamage* v. *Law*, 2 J. R., 192; *Proudfit* v. *Henman*, 8 id., 305; *Dunham* v. *Heyden*, 7 id., 381; *Allen* v. *Edwards*, 3 Hill, 499; *Colden* v. *Dopkin*, 3 Cai., 171; 2 R. S., 515, § 41; *Nichols* v. *Williams*, 8 Cow., 13.) The affidavit upon which the process issued was not verified before the proper officer, and the proceedings were void. (R. S., pt. 3, chap. 8, tit. 10, art. 2; Laws 1863, chap. 189, p. 328; *King* v. *Cole*, 6 T. R., 640; *Haight* v. *Turner*, 2 J. R., 371; *People* v. *Tioga C. P.*, 1 Wend., 291.)

*Thomas Allison* for the respondent. Summary proceedings can be instituted against corporations. (2 R. S. [Edm. ed.], 529, § 28; 3 R. S. [5th ed.], 1106 [m. p. 778], § 11; Tidd's Pr., 12; A. and A. on Corp., § 637; *McQueen* v. *Mid. Man. Co.*, 16 J. R., 7; *Pond* v. *H. R. R. R. Co.*, 17 How. Pr., 543; *Conroe* v. *Nat. Pro. Ins. Co.*, 10 id., 403; *Crowley* v. *Pan. R. R. Co.*, 30 Barb., 99; *Olcott* v. *Tioga R. R. Co.*, 20 N. Y., 210.) The adjournment was proper. (2 R. S. [Edm. ed.], 532, § 41; 1 Laws 1857, chap. 344, § 78, p. 728;

*Hard* v. *Shipman*, 6 Barb., 621, 630; *People* v. *Ulrich*, 2 Abb. Pr., 28, 29.) The affidavit on which the proceedings were founded was properly verified before a notary public. (Laws 1870, chap. 741, § 4; Code, § 66; Laws 1863, chap. 189; *People* v. *Dudley*, 58 N. Y., 323.)

EARL, J. This is an action to recover the rent of certain premises situated in the city of New York, claimed by the plaintiff to have been leased to and occupied by the defendant. For the purpose of proving the leasing, occupancy and liability to pay rent, the plaintiff produced the summary proceedings taken in the Eighth District Court of the city by plaintiff against defendant and the board of police commissioners to dispossess them for the non-payment of rent. The affidavits alleged the leasing of the premises to the city corporation, the occupation by the corporation and by the board of police commissioners as under-tenants, the non-payment of seven-quarters' rent which had become due and payable, a demand of payment and a holding over without permission after default. The affidavit was sworn to before a notary public. The record showed that on the return day of the summons the city corporation did not appear; that the board of police commissioners appeared, but filed no counter affidavit; that by consent the matter was adjourned two days, and upon the adjourned day judgment was rendered that plaintiff have possession, etc. Plaintiff made no other proof and rested. Defendant then moved that the complaint be dismissed, on the ground that no cause of action had been proven. The court denied the motion, and, defendant offering no proof, it directed a verdict for the plaintiff; and the exceptions of the defendant to these rulings of the court present the questions to be considered upon this appeal.

The claim of the plaintiff is that the judgment and proceedings in the District Court conclusively establish the defendant's liability for the rent. This claim is disputed by the defendant upon several grounds, which I will consider separately.

1. It is said that the statute authorizing the summary proceedings for the recovery of the possession of premises does not authorize them to be instituted against corporate bodies; and that the proceedings proven upon the trial, so far as they relate either to the city or the county of New York, were therefore *coram non judice.*

The Revised Statutes, as amended by section 2 of chapter 828 of the Laws of 1868, provide that the summons issued in such summary proceedings shall be served by delivering to the tenant a true copy thereof and at the same time showing him the original; or if such tenant be absent from his place of residence, by leaving a copy thereof at such place with some person of mature age residing upon the premises; and if no such person can be found, then further provision is made for the service. The claim of the learned counsel for the defendant is that these provisions as to the services of the summons plainly have reference to natural persons only, such as can have an actual residence and be absent therefrom and incapable of being found, and that these conditions cannot be predicated of corporations.

It is provided (2 R. S., 778, § 11) that whenever in any statute a party or person is referred to or described, bodies corporate shall be deemed to be included unless it be otherwise specially provided, or unless there be something in the subject or context repugnant to such construction. We have no reason to suppose that such summary proceedings were not intended to apply to bodies corporate. And there is no reason that they should not apply to them, and there is no practical difficulty in executing the law against them. The mode of service first pointed out in the statute is to be used in proceedings against bodies corporate, and service upon the mayor is a good service upon the corporation in a case like this. (Laws of 1860, chap. 379, § 4; *Matter of McQueen* v. *Med. Man. Co.*, 16 J. R., 5; A. & A. on Cor., § 637.)

While corporations are artificial, intangible, invisible beings, yet they are treated in various statutes and decisions as per-

sons, occupants, inhabitants, citizens. (*Buffalo and State L. Railroad Co. v. Supr. of Erie,* 48 N. Y., 93.) The corporation of the city of New York has its residence within the territorial limits of the city and can reside nowhere else, and hence it can never be absent from the city. Therefore, the contingencies can never arise when service upon such a corporation can be made, except in the manner above mentioned. Ample provision is made for service of the summons upon both natural and artificial persons, and there is nothing in the context or subject-matter of the act which shows that it was the intention to exclude corporations from its operation.

2. The allegation in the affidavit and summons was, that the defendants were the tenants of the premises and occupied them through themselves and the board of police commissioners as under-tenants. The summons was also served upon the board of police commissioners, and on the return day this defendant did not appear, but the board of police commissioners did appear, and by consent the matter was adjourned for two days. It is now claimed that this adjournment ousted the justice of his jurisdiction and worked a discontinuance of the proceeding, and that, therefore, he had no right to proceed in the cause on the adjourned day. The board of police commissioners were summoned to appear, and they had the right to appear and contest the matter. They did appear and they and the plaintiff consented to the adjournment. This defendant suffered default and hence was not there to be heard or to object. The cause could not proceed as against it until it was ready for trial as against all the parties; and hence, there was no error in an adjournment by the consent or upon the request of the other parties. (2 R. S. 516, § 41.; Laws of 1857, chap. 344, § 78.)

3. The affidavit upon which the summary proceedings were based was sworn to before a notary public, and it is objected that the proceedings were without jurisdiction, for the further reason that the affidavit was not sworn to before the clerk or his deputy as required by chapter 189 of the laws of 1863. But in 1870 (chap. 741, § 4), it was provided that the "affidavits

used in such proceedings may be taken before any officer authorized by law to take affidavits." This affidavit was used to institute the proceedings, and according to common understanding, and hence, presumably within the meaning of the legislature, was used in the proceedings. It was, therefore properly taken before a notary public.

It is, therefore, clear, that the justice had jurisdiction of the proceedings, and the only other question to be considered is, as to the conclusive effect of the adjudication made in the proceedings.

4. When a matter in controversy between parties has been submitted to a competent judicial tribunal, its decision thereon is final between the parties until it has been reversed, set aside or vacated; and the rule of *res adjudicata*, applies not only to the judgments of courts, but to all judicial determinations, whether made by courts in ordinary actions, or in summary or special proceedings, or by judicial officers in matters properly submitted for their determination. It applies not only to judgments rendered after a litigation of the matter in controversy, but to judgments rendered upon default or confession. (*Gates* v. *Preston*, 41 N. Y., 113; *Newton* v. *Houck*, 48 N. Y., 676.)

The statute (2 R. S. 513, § 28), provides that a tenant may be removed from the demised premises when he holds over after any default in the payment of rent and a demand of the rent has been made, and a three days' notice in writing requiring the payment of the rent or the possession of the premises has been served. The landlord must make oath of the facts which authorize the removal of the tenant, and the magistrate is then required to issue his summons describing the premises and requiring any person in possession, or claiming possession, to remove from the same or show cause, on a day named, why possession shall not be delivered to the landlord. (§§ 29, 30.) If on the return day no sufficient cause be shown to the contrary, the magistrate is required to issue his warrant to put the landlord in possession. (§ 33.) If the person proceeded against obeys

the summons and removes from the premises before the return day, he can appear on that day, and show the fact of his removal, and then no warrant can be issued. If it is not true that he was in possession or claimed possession when the summons was issued, he can appear and show that for cause why a warrant should not issue or a judgment be rendered against him. If he does not appear at all, he admits the allegations contained in the affidavit, and the magistrate is bound to render judgment and issue his warrant against the tenant and other persons in possession or claiming possession. (§ 51.)     There is, therefore, a regular judicial proceeding instituted by service of process. The party proceeded against is informed of the claim made against him, and he is called upon to contest it. If he suffer default, judgment is rendered against him. That such a determination is conclusive as to every thing upon which it depends cannot well be doubted. It has been held to be in several reported cases. (*Yonkers and N. Y. Fire Ins. Co.* v. *Bishop,* 1 Daly, 449 ; *Kelsey* v. *Ward,* 16 Abb. Pr. R., 98 ; *Powers* v. *Witty,* 42 How. Pr., 352 ; *Sage* v. *Harpending,* 49 Barb, 166 ; *White* v. *Coatsworth,* 6 N. Y., 137 ; *Supervisors, etc.* v. *Briggs,* 2 Denio, 26, 33 ; *Demarest* v. *Darg,* 32 N. Y., 281, 290.)

It is said that these proceedings can only be instituted against a party in possession or claiming possession of the demised premises. This is undoubtedly so. But here the affidavit shows that the defendants hired and possessed the premises, that the specified amount of rent had become due, and had been demanded, and that the defendants had not paid the rent or surrendered the possession of the premises. The same facts are recited in the summons served upon the defendants. They are the facts required by the statute to be alleged as the basis of the proceedings, and the defendants by their default admitted them to be true.

No error was therefore committed in the Supreme Court, and the judgment must be affirmed.

All concur.

Judgment affirmed.