In the Matter of ANDREW L. ROBERTS, an Insolvent and Imprisoned Debtor, Applying to be Discharged from his Imprisonment.

*Application for discharge of insolvent — Res adjudicata.*

Where, upon an application made by an insolvent debtor for a discharge, it appears that a similar application has already been made to one of the judges of the Court of Common Pleas of the city of New York, and having been fully heard, has been decided against him upon the merits, *held*, that the matter should be regarded as *res adjudicata*, and the application denied.

APPEAL from an order denying the application of an insolvent debtor for a discharge under part 2, chapter 5, title 1, article 5 of the Revised Statutes.

*Vedder Van Dyck*, for the appellant.

*R. C. Elliott*, for the respondent. Act of 1854 (Laws of 1854, p. 592, chap. 270) provides for appeal to the General Term from any judgment or order in any special proceedings. (*Matter of Livingston*, 34 N. Y., 557.) *Certiorari* will issue to remove to the Supreme Court for examination and review. (2 R. S., 49, 50, § 47; Laws of 1874, chap. 280, § 17; *Garaner* v. *Commissioners, etc.*, 10 How. Pr., 181; *People ex rel. Lowis* v. *J. F. Daly*, 4 Hun, 641; *Morewood* v. *Hollister*, 6 N. Y., 309.) That the principle of *res adjudicata* applies in these cases. (*Demarest* v. *Day*, 32 N. Y., 281; *White* v. *Coatsworth*, 6 id., 137; *Yonkers and N. Y. F. I. Co.* v. *Bishop*, 1 Daly, 449; *Powers* v. *Witty*, 42 How. Pr., 352; *People ex rel. Lodowick* v. *Akin*, 4 Hill, 606.) The same principle applies in cases of *habeas corpus*. (*Mercein* v. *People*, 25 Wend., 64; *People* v. *Burtnett*, 13 Abb. Pr., 8; *People* v. *Kelley*, 1 id. [N. S.], 432; *Matter of Rosenberg*, 10 id., 450; *Matter of Thomas*, id., 114.) If the debtor can make a second application after being defeated in the first, there can be no limit to the applications, and the creditor may better abandon his claim at once than think of opposing a discharge.

BRADY, J.:

Several preliminary objections were presented at the hearing herein, many of which are not sustained by the proofs. It was shown, however, without objection, and remained without answer, that the petitioner presented a similar application to one of the judges of the Court of Common Pleas, which was fully heard and decided against him on the merits, and which decision remained in all respects undisturbed. The respondent invokes thereupon the doctrine of *res adjudicata*, and, if it be applicable, the order appealed from must be affirmed.

The authorities are to the effect that if the same proceeding be renewed, whether it be in the form of an action or summary or special proceeding, which has been once adjudicated upon the merits, such

result is a bar to any further proceeding of a similar character. *Demarest* v. *Darg*, 32 N. Y. Rep., 281; *White* v. *Coatsworth*, 6 id., 137; *Yonkers and New York Fire Insurance Co.* v. *Bishop*, 1 Daly, 449; *Powers* v. *Witty*, 42 How. P. R., 352; *People ex rel. Lodowick* v. *Akin*, 4 Hill, 606.)

The principle stated is a complete answer to the proceeding. It would not be in harmony with the doctrine of *res adjudicata* to permit such applications to be renewed as soon as decided against the insolvent, and thus continued from one judge to another, *ad infinitum*. The insolvent on such applications is given full opportunity to expose his case fully to the judicial mind, and the insolvent herein seems to have had such a freedom in the Court of Common Pleas.

The order appealed from must be affirmed, with ten dollars costs and the disbursements of the appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.