By the Court. —Freedman, J.
The action was brought by the plaintiff as administrator of the goods and chattels of Sarah Van Zandt, deceased, against the defendant, a sister of the deceased, for the conversion of certain moneys alleged to belong to the deceased at the time of her death. The defendant defended on the ground, and upon the trial showed, that the said moneys, were deposited by the deceased and the defendant in the Union Dime Savings Bank, pursuant to an agreement between them that the account should be a mutual affair and should be in such form that, in case of the death of either, the survivor should take the whole ; that to carry the said agreement into effect, and pursuant to the advice of the treasurer of the bank that it was sufficient for their purposes, the account was opened in the name of the defendant in trust for Sarah Van Zandt, the latter being then quite feeble ; that the account continued in this way from October 17, 1863, to September 14, 1876, when the money then on deposit, with the interest accumulated thereon, was *300 withdrawn by the defendant in accordance with the above agreement. The defendant further proved that just before, and in expectation of her death, which occurred on November 7, 1869, Sarah Van Zandt delivered to her, the defendant, the sum of $300, and directed her to deposit it in the bank with the rest of the money, and at the same time said that it was all for her, the defendant.
The learned judge below was of the opinion that upon the merits, as disclosed by the facts, the defendant was entitled to a verdict; but being in doubt as to the legal effect of a certain order make by the surrogate on June 10, 1871, he suggested that, if the plaintiff would stipulate to make and print a case for the general term, and that, in case of his failure there to maintain his verdict, a verdict should be entered for the defendant, he would direct a verdict for the plaintiff and direct the exceptions to be heard at general term in the first instance. Plaintiff gave the required stipulation, and a verdict was thereupon, by consent of counsel for both parties, directed for the plaintiff, and the- exceptions were ordered to be heard at the general term in the first instance. It does not appear what exceptions were thus ordered to be heard at general term, and the case contains the exceptions, taken by both sides. But assuming that the intention was to order defendant’s exceptions, to be thus heard, a difficulty arises from the omission of the defendant to except to the direction of the verdict. In the absence of such an exception, I do not see how the defendant can have any relief beyond a new trial, on the ground that there has been a mistrial, for the appellate jurisdiction of the general term depends exclusively upon the statute.
The proceedings upon a trial before a court and jury can be reviewed by the general term in the first instance, before judgment. (1) Where the unsuccess *301 ful party desires to move for a new trial upon exceptions taken by him upon the trial, and the judge directs that such motion upon said exceptions be heard in the first instance at general term, and that the entry of judgment be suspended until the decision of the general term; and (2) where, upon the trial, an uncontroverted state of facts is presented involving only questions of law, without exceptions on either side to the reception or rejection of evidence, and the judge directs a verdict subject to the opinion of the court at general term.
In the first case, no question of fact can be discussed, nor the point raised that the verdict of the jury is against the weight of evidence ; and if the exceptions are sustained, the general term will grant a new trial; if overruled, render final judgment.
In the second case the verdict, in form, may be directed in favor of one party or the other, and it is ■quite immaterial which; the only effect of directing the verdict in favor of a party being that it devolves on him the duty of preparing the case upon which the general term is to render final judgment. Application for judgment must then be'made at general term, and upon such application the question to be decided is never whether a new trial shall be granted, but which party, upon the conceded state of facts, shall have final judgment.
Such was the established practice before the Code of Civil Procedure (Mason v. Breslin, 2 Sweeny, 386), .and a confounding of the two remedies was always held to be a mistrial and ground for a new trial (Cobb v. Cornish, 16 N. Y. 602; Gilbert v. Beach, 16 Id. 606 ; Purchase v. Matteson, 25 Id. 211; Purchase v. N. Y. Exchange Bank, 10.Bosw. 564).
The Code of Civil Procedure has not changed the practice in the cases stated, though section 1003 expends it so as to embrace a case in which one or more *302 specific questions of fact, arising upon the issues in an action triable by the court, have been tried by jury.
Section 1000 is emphatic that exceptions can be ordered to be heard ad the general term in the first instance only, upon the application of a party who has taken one or more exceptions upon a trial by jury.
Section, 1185 is equally emphatic that a verdict subject to the opinion of the court can be directed only in a case which presents nothing but questions of law, in which case the motion for final judgment may be made by either party at the general term under section 1234.
A new trial must therefore be ordered, unless it is clear that the order of the surrogate was properly admitted in evidence, and that it constitutes a conclusive adjudication of the present controversy.
There can be no doubt that if the points now at issue had been involved in the proceeding before the surrogate and the surrogate had jurisdiction to decide them, the order would constitute a conclusive adjudication in favor of plaintiff’s right of recovery (Wood v. Jackson, 8 Wend. 9 ; Gardner v. Buckbee, 3 Cow. 120; Mersereau v. Pearsall, 19 N. Y. 108 ; De Wolf v. Crandall, 34 Super. Ct. 14 ; Hudson v. Smith, 39 Id. 452 ; Clemens v. Clemens, 37 N. Y. 59, per Davis, Ch. J.; Hyatt v. Bates, 35 Barb. 308 ; Davis v. Talcot, 12 N. Y. 184).
In such case it would be no answer to say that the adjudication was not made in a regular action, but in a special proceeding (Brown v. The Mayor, &c., 5 Daly, 481; affi’d 66 N. Y. 385; White v. Coatsworth, 6 Id. 137; Kelsey v. Ward, 38 Id. 83; Yonkers & N. Y. Fire Ins. Co. v. Bishop, 1 Daly, 449). Even when made by an order on a motion, an adjudication may in some cases be conclusive (Demarest v. Daig, 11 Abb. Pr. 9).
Nor is it necessary to plead an adjudication relied upon as an estoppel. The reason for always admitting *303 it in evidence is, that the community have an interest in holding the parties conclusively bound by the result of their litigation (1 Greenl. Ev. §§ 531, 531 a ; Wood v. Jackson, 8 Wend. 9 ; Calkins v. Allerton, 3 Barb. 171; Castle v. Noyes, 14 N. Y. 329 ; Derby v. Hartman, 3 Daly, 458; White v. Coatsworth, 2 Seld. 137).
But a surrogate's court is only a court of limited and special jurisdiction, and a party (other than a ministerial officer) relying on its orders or decrees, has the burden of proving the jurisdictional facts (Roderigas v. East River Savings Inst., 43 Super. Ct. 217; affi’d 76 N. Y. 316).
The order relied on by the plaintiff seems to have been made under chapter 394 of the Laws of 1870.* It does not refer to the subject-matter of this action. It does not mention a purport to cover the money in dispute. It only refers to the bank-book, and without adjudging that, as matter of fact, the book belongs to the estate of Sarah Van Zandt, deceased, it simply *304 adjudges that the plaintiff as administrator of said estate is entitled to its possession by virtue of his office as such administrator. This finding is insufficient under the decision of Tilton v. Ormsby (10 Hun, 7 ; affirmed 70 N. Y. 609).
Moreover, a certified copy of the said order was received in evidence, unaccompanied by any proof showing that the surrogate had acquired jurisdiction to. make the order, except such as was furnished by certain recitals contained therein, if they did constitute proof upon the said point. Under the decision of the People ex rel. Emanuel Meyer v. Hartman (2 Sweeny, 576), it would seem that such recitals were not enough. But even if this be otherwise, it is sufficient to say, for the present disposition of the case, that such recitals, at most, can only be prima facie evidence of the facts recited, but are not conclusive, and that even as such, they simply show jurisdiction to make an order under chapter 394 of the Laws of 1870. This would still leave undetermined the jurisdiction of the surrogate to make a final adjudication upon a mere motion a.s to the title to, or the equitable ownership of, the moneys.
In Stilwell y. Carpenter (2 Abb. New Cas. 238), it was held that a surrogate cannot try a disputed claim of a third person against the estate, nor determine the equitable ownership of a judgment sought to be used as a set-off. And in Callahan v. Mayor, &c., of New York (66 N. Y. 656), it was held, that want of jurisdiction of the subject-matter is not waived by appearance and answer.
In no aspect, therefore, can the bare order of the surrogate be taken as a final and conclusive adjudication by a court of competent jurisdiction as to the title to, or the equitable ownership of, the money in dispute in this action.
This being so, and no question of fact being review *305 able in the present imperfect condition of the case, the verdict should be set aside, and a new trial ordered, with costs to the party finally prevailing in the action.
Curtis, Ch. J., concurred.

 The order referred to is as follows :
“ On reading and filing the petition of Benjamin Westervelt, administrator, &c., of Sarah Van Zandt, deceased, alleging that he has reasons for suspecting that certain persons therein named have in their possession assets belonging to the estate of said deceased, and praying for the issuing of a subposna to them, requiring them to appear and be examined concerning the effects of said Sarah Van Zandt, deceased, and on filing also said subpoena, with proof of service thereof, and the testimony of the witnesses taken therein, and after hearing, &c., for said administrator, and &c., for Miss Mary Westervelt, a sister of said deceased.
“It is ordered, adjudged and decreed that said Benjamin Westervelt, administrator of the goods, chattels and credits of Sarah Van Zandt, deceased, is entitled to the possession of the bank-book No. 12,888 of the Union Dime Savings Bank of the city of New York, by virtue of his office as such administrator of the goods, &c., of said Sarah Van Zandt, deceased, and that said administrator is entitled to a warrant, directed to the sheriff of New York county, commanding him to search for and seize said bank book No. 12,888, and to deliver it to said Benjamin Westervelt as such administrator.”