(30 Misc. Rep. 225.)

SWAN v. WHEELER et al.

(Supreme Court, Special Term, Oneida County. January, 1900.)

JUDGMENTS—BAR—QUESTIONS THAT MIGHT HAVE BEEN LITIGATED ON FORMER TRIAL.

In an action for the foreclosure of a bond and mortgage given by G. to C., and by him assigned to W, S. was made a defendant, because, as it was alleged, he claimed to have some interest in the mortgaged premises inferior to said mortgage. After default, S. asked leave to ap-

pear, and presented an answer, alleging that said bond and mortgage were made by G. to C., and assigned to W., in pursuance of an agreement by the latter to advance money to take up certain notes indorsed by S. for G., and asking that the mortgage be foreclosed, and that W. be required to apply the proceeds as agreed. The application for leave to appear was denied because S. was not a party or privy to the mortgage, and was not in a position to enforce the agreement alleged in his answer. The question as to the consideration of the mortgage was, however, put in issue by G., with the result that W. was given a judgment for the foreclosure of the mortgage. *Held*, that since S. might have litigated the question of W.'s agreement to advance money, as the consideration of said mortgage, in the foreclosure proceedings, if he had confined his answer to such issue, the judgment in those proceedings against the existence of such agreement was binding upon him, and estopped him from maintaining this action to enforce the agreement.

Action by Joseph R. Swan against Rebecca E. H. Wheeler and others, as executors of the estate of John O. Wheeler, deceased, for the enforcement of an agreement to advance money on a bond and mortgage. Judgment for defendants.

William Kernan, for plaintiff.

Charles D. Thomas, for defendants.

HISCOCK, J. On or about September 1, 1885, the plaintiff, Swan, indorsed for the benefit and accommodation of one Otto E. C. Guelich notes amounting to $1,700, which were discounted and are now held by the First National Bank of Utica. Guelich has not paid any part of them, has become insolvent, and plaintiff must pay them. Plaintiff indorsed these notes as he did upon the representation and agreement of said Guelich that he was about to execute a bond and mortgage to one Benjamin C. Coon for $2,300, and that an arrangement had been made with said Coon, and through him with the above-named John O. Wheeler, to obtain the sum of $2,000 upon said bond and mortgage, and which moneys it was agreed, when obtained, should be applied, so far as necessary, to the payment and retirement of the above-mentioned notes. The bond and mortgage were executed by Guelich to Coon, and thereafter, by said Coon, were assigned to said Wheeler, but the latter refused to advance any money on the same to Guelich or to Coon for his benefit, which could be used in retiring said notes. Under these circumstances this action is brought by plaintiff in effect to compel the representatives of said Wheeler, who has died in the meantime, to advance said $2,000, with interest, upon said bond and mortgage, which shall be applied in the first instance to the payment of said notes indorsed by plaintiff as aforesaid, and of which the balance shall be paid over to plaintiff, who brings this action both in his own right and as assignee of said Guelich. The other side of this claim of plaintiff's upon the facts is that the bond and mortgage executed by Guelich to Coon was so executed to secure an indebtedness due from the former to the latter, that the bond and mortgage so executed had a legal inception between the mortgagor and the mortgagee named therein, and that they were assigned by the latter to Wheeler to secure some indebtedness due from Coon to Wheeler. In addition to the questions of fact pre-

sented by those two opposing claims, there is a question involved as to the effect of a certain judgment as a bar herein, heretofore obtained in a suit brought by said Wheeler against the plaintiff and others.

I have been embarrassed, as no doubt the attorneys have, by the manner of trial of this case. As I understand it, it has been tried twice before coming on before me, and the justice before whom each of those other trials was had has been prevented from some cause or other from reaching a decision in the case. In the meantime the original defendants, Wheeler and Coon, have both died, and the defendant Guelich has moved out of the state. The result of this has been that no witnesses at all have been produced before me, but the record upon this trial has almost entirely been made up by parts of the records made upon two or three previous trials. In addition to this, the presentation of facts bearing upon the question of fact above suggested has been embarrassed by the death of Wheeler and Coon, which has necessitated the exclusion of the evidence of certain witnesses. I speak of this simply as showing the embarrassment under which I have labored in reaching a decision between the theories advocated respectively by the plaintiff and the defendants Wheeler as to the origin and purpose of the bond and mortgage herein involved, and above referred to. Getting what light I have been able to from the testimony produced before me, I have been unable to satisfy myself to that degree of certainty necessary that the bond and mortgage in question were executed to Coon, and by him assigned to Wheeler for the purposes claimed by plaintiff. Plaintiff himself was not in any way an original witness of the transaction between Coon and Wheeler which preceded and attended the assignment of the mortgage. Even if he had been, he could not have been allowed to testify to that upon this trial. He has been compelled to rely largely, in endeavoring to sustain his claim, upon admissions contained in the evidence given by Wheeler upon a former trial, upon a certain talk between Wheeler and an attorney, and a memorandum given by Wheeler to Coon, at the request of his son, at the time the bond and mortgage were executed. This evidence has been too fragmentary and uncertain to meet, in my mind, the burden of proof which rested upon plaintiff. In addition to that, I think there is another conclusive defense to this action. I think that the judgment rendered in the action brought by the deceased Wheeler against Swan and others is a bar to this action. That action was brought by Wheeler before the commencement of this one to foreclose the mortgage hereinbefore referred to. The mortgagor, Guelich, and the plaintiff, Swan, were both parties defendant to that action. The complaint was in the ordinary form of a complaint in foreclosure. It, among other things, alleged that the bond and mortgage hereinbefore referred to were executed by Guelich to Coon to secure by the former to the latter the payment of the sum of $2,300, with interest thereon, which was the amount of the bond and mortgage, that Guelich had made default in payment of interest thereon, and that plaintiff was entitled to a foreclosure of his mortgage. It is also alleged, in

substance, that the plaintiff, Swan, was joined as a party defendant because he had, or claimed to have, some interest in or lien upon the mortgaged premises, which was subordinate to said mortgage. It will thus be noted that this action was brought to foreclose the mortgage in question upon the theory now advocated by the defendants, namely, that it was given by Guelich to Coon for a valid consideration, and had a legal inception between them, in opposition to the idea and theory advocated by plaintiff herein that it was given by Guelich to Coon simply for the purpose of being transferred by the latter to Wheeler as a means of raising money to be advanced to Guelich, with which he might retire the notes which plaintiff indorsed. The defendant Guelich appeared in that action, and by his answer raised substantially the same issues which are now presented here. He certainly and clearly raised the issue made by the two theories, respectively, of the plaintiff and defendants in this case as to the inception and purpose and object of the mortgage in question. The plaintiff, Swan, as a defendant in that action, was served with a summons and notice of object of action. He became in default, and afterwards moved for leave to appear in the action, and set up an answer setting forth substantially the same facts and making substantially the same claims as are set forth and advanced in his present complaint. He did not ask to have the mortgage sought to be foreclosed, canceled, or decreed void, but expressly asked that a foreclosure be decreed, and that the plaintiff Wheeler in that action pay to the First National Bank of Utica sufficient to pay the note for $1,700 hereinbefore referred to, and the balance of the consideration or proceeds of the mortgage to Guelich. The defendant Wheeler opposed his prayer for leave to come in and serve such answer. The court at special term refused his application, and upon appeal the general term sustained such refusal. The gist of the decision at general term, as I understand it, is that Swan was not in any way a party or privy to the giving of the mortgage and its transfer to Wheeler; that, assuming that the consideration of the mortgage had never been advanced, and that the mortgagor might have compelled the advancement of the amount by Wheeler in an action, or compelled Wheeler to have specifically performed his agreement, still that did not aid Swan, who was not the assignee of the mortgagor; that Swan was not in a position to enforce the agreement set forth in his answer in that foreclosure action. So far as the general and entire defense attempted to be introduced by Swan in that action is concerned, and especially in view of the fact that the plaintiff Wheeler opposed its introduction, I should not hold that the judgment in that suit was a bar. But it does seem to me. that there was one question necessarily involved in that action much narrower than the general defense and answer which Swan attempted to introduce, and which issue he must have been allowed to litigate, if he had so requested. The plaintiff Wheeler in that foreclosure action, as already stated, alleged that the bond and mortgage in question were executed and delivered by Guelich to Coon for the purpose of securing from the former to the latter the payment of the amount mentioned in the bond and mort-

gage, namely, $2,300. This was the only consideration alleged in his complaint to support the mortgage, or give it validity, or entitle him to a foreclosure thereof. He was bound to establish this consideration and inception of the mortgage in order to sustain his complaint, and secure a judgment of foreclosure. If this consideration was denied and disproved upon his complaint as it stood, a defendant would have been entitled to a dismissal of his action. He joined the plaintiff, Swan, as a defendant because he had or claimed to have a lien subordinate to the mortgage. It therefore would have been perfectly proper for Mr. Swan to have served an answer denying the allegations of the complaint which set forth the purported consideration and inception of the mortgage, and under such denial to have disproved them. If the theory now advanced by plaintiff is the correct one, its proof upon the trial of that former action would have necessarily resulted in disproving Wheeler's claim, and in dismissing his action. The issue raised by such a denial upon the part of the defendant Swan would have been strictly proper; and, as I say, I do not see how any court could have refused to let him set the same up. Such a defense, and a prayer for relief founded thereon asking for a dismissal of plaintiff's complaint, would have been very much narrower than and different from the answer and defense, which, as a matter of fact, he did attempt to introduce, and which were objected to, and ruled out by the court. The defendant Guelich in the foreclosure suit did, by his answer, raise the issue that the mortgage assigned to Wheeler was not given for the purposes or consideration claimed by him, but rather that it was given for the purposes and consideration now claimed by plaintiff. As a matter of fact, as disclosed by the evidence upon this trial, Mr. Swan did indirectly take part in the trial of that action through Guelich, and the issue now presented here seems to have been pretty thoroughly tried out in that foreclosure action. The court found as matter of fact that the bond and mortgage were given for the purposes and consideration claimed by Wheeler in his action,—that it was given in part to secure an indebtedness of $1,700 due from Guelich to Coon. Such findings necessarily excluded the present theory of plaintiff in regard to the execution and consideration of such mortgage. I do not see how the conclusion can be escaped that such finding in favor of plaintiff's theory in the foreclosure action and defendants' theory in this action is a conclusive bar against the opposite theory now advanced by plaintiff in this action.

The rule of res adjudicata applies not only to judgments rendered after litigation of the matter in controversy, but to judgments rendered upon default or confession. Brown v. Mayor, etc., 66 N. Y. 385. "A judgment does not operate as an estoppel in a subsequent action between the parties as to immaterial and unessential facts, even though put in issue by the pleadings, and directly decided. But it is final as to every fact litigated and decided therein having such a relation to the issue that its determination was necessary to the determination of the issue. Whenever the same question arises between the parties, in whatever form of action, and whether in-

volved directly or collaterally, they are forever precluded from averring and proving the fact to be otherwise." House v. Lockwood, 137 N. Y. 259, 268, 33 N. E. 595, 597. The defense of judgment in bar urged here seems to come within the foregoing rules. Mr. Swan was a party to the foreclosure action. In my opinion, if he had asked for leave to serve an answer, simply denying the plaintiff's complaint, instead of setting up the defense which he did, no court would have refused him the right to serve such defense. The fact that the judgment in that action was rendered with him in default does not make it less binding than if he had appeared and litigated the question. Under Wheeler's complaint in that action it was absolutely essential for him to prove and sustain the allegation that the mortgage in question was executed by Guelich to Coon to secure the payment to the latter of the amount mentioned therein. The finding of fact which was made in the case in favor of that claim necessarily bars the opposing claim now made by plaintiff that there was no consideration for the mortgage as between Guelich and Coon, and that it was simply executed to Coon to enable him to assign it to Wheeler, and procure money from Wheeler with which to pay the notes indorsed by plaintiff. These conclusions lead to a judgment in favor of defendants dismissing the complaint, with costs.

Complaint dismissed, with costs.