### JACKSON, ex dem. Jenkins, *vs.* ROBINSON.

A petition for the sale of real estate, presented by an executor or administrator, accompanied by an account of the personal estate and debts of the testator or intestate, is sufficient to confer jurisdiction upon the surrogate in a proceeding relative to the sale of real estate for the payment of debts.

The error or irregularity of the proceedings before the surrogate, cannot be shewn in a collateral action, but must be corrected on appeal.

One of several administrators has a right to apply for an order of sale of the real estate of the intestate to pay debts.

The *lapse* of 14 years between the granting of administration and an application to a surrogate for the sale of real estate, is a sufficient cause without explanation for the rejection of the application ; still if the surrogate errs in entertaining the petition, his error can be corrected only on appeal.

An *exemplification* of letters of administration from the surrogate's office is good evidence, without accounting for the non-production of the original letters.

*Notice to quit* is not necessary *from* a purchaser at a sale by virtue of a surrogate's order for the payment of debt's *to* a person in possession under a conveyance from the *heirs* of the testator or intestate.

THIS was an action of ejectment, tried at the Jefferson circuit in December, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The lessor of the plaintiff claimed to recover the premises in question under a deed from an administrator, in pursu-

ance of a sale by virtue of a surrogate's order, directing the <span style="font-variant:small-caps">NEW-YORK,</span> real estate of the intestate to be sold for the payment of his <span style="font-variant:small-caps">May, 1830.</span> debts.  The intestate died in 1813, and administration of    Jackson his estate in the same year was granted to Huldah Doolittle      v. and Joseph McKee by the then surrogate of the county of   Robinson. Jefferson.  In January, 1827, a petition was presented to the surrogate of Jefferson by McKee, describing himself as *surviving administrator*, stating that the intestate was seised at the time of his death of certain real estate ; that the petitioner had made an account of the personal estate and of the debts of the deceased, and that such estate was insufficient *to pay such debts,* and requesting the aid of the surrogate in the premises ; whereupon an order was made by the surrogate, requiring all persons interested to shew cause before him on the 20th March then next, why so much of the real estate should not be sold as would be sufficient to pay the debts of the intestate.  On the day of shewing cause an order was made for the sale of the real estate, and on the 4th of June, 1828, another order confirming the sale had in pursuance of the previous order, and directing a deed to be executed to the purchaser of the lessor of the plaintiff; and on the 5th July, 1828, a deed of the premises in question was accordingly executed to him by McKee as surviving administrator.

The granting of administration was proved by an *exemplification* of the letters of administration, under the hand and seal of office of the present surrogate.  The defendant objected to such evidence as inadmissible, insisting that the *original* letters should be produced ; the objection was overruled.  The several orders of the surrogate were also proved by exemplifications.  It appeared in evidence that Huldah Doolittle, the *administratrix* died in June, 1827.  Upon this state of facts the defendant objected to the sufficiency of the evidence to entitle the plaintiff to recover : first, because the *administratrix* did not unite with the *administrator* in the application to the surrogate for the sale of the intestate's estate ; and secondly, because it had not been shewn otherwise than by the recitals in the orders that there were any debts of the intestate, that there was a deficiency of assets

NEW-YORK,
May, 1830.

Jackson
v.
Robinson.

to pay the same, or that the personal property had been ap-
plied to the payment of debts, and consequently that enough
had not been shewn to give the surrogate jurisdiction ; which
objections were overruled.

The defendant then produced in evidence a deed of the
premises in question from the *heirs* of the intestate to one
D. S. bearing date 6th March, 1827, and a conveyance from
the grantees in that deed to the defendant in this cause,
bearing date 21st March, 1828 ; and *offered* to prove, that by
the inventory, affidavit and papers presented to the surrogate
by the administrator, on his application for an order of sale,
it *did not appear* that at the time of such application any
debts remained due from the estate of the intestate ; and that
it *did* appear that a large amount of property of the estate
of the intestate remained undisposed of ; and also that by
the said papers it did appear, and that it was in fact true, that
the debts for the payment of which the administrator appli-
ed for a sale, were debts created by and accruing to the ad-
ministrator, for services rendered and expenses incurred by
him since the decease of the intestate ; which evidence was
objected to, and overruled by the judge. The defendant in-
sisted that he was entitled to notice to quit, which objection
was also overruled by the judge, who charged the jury that
the plaintiff was entitled to recover ; the jury accordingly
found a verdict for the plaintiff, to set aside which a motion
was now made.

*J. A. Spencer*, for defendant. The exemplification of the
letters of administration ought not to have been received in
evidence, the original being unaccounted for. They are mere
letters of authority given to and remaining in the possession
of the administrators and being originals should be produced
or their absence accounted for. The granting of such let-
ters is not a proceeding of record, and consequently cannot
be exemplified.

Both administrators should have united in the petition
to the surrogate for the sale of the real estate. The words
" *any* executor or administrator, &c." used in the statute,
(1 R. L. 450, § 23,) manifestly apply to all the represen-

tatives of any particular estate, and not a single representative of that estate where there are several representatives. There seems to be a distinction as to the powers of executors and administrators: *one* executor may do an act which shall be binding on all, but the rule does not apply to administrators. (Comyn's Dig. tit. Executors B. 12. n. g.)

The evidence offered to shew that the surrogate had not jurisdiction ought to have been received. In *Dakin* v. *Hudson*, (6 Cowen, 221,) it was held, that it should be shewn affirmatively that the surrogate had power to make the decree, that the facts upon which he acted gave him jurisdiction of the subject matter and of the persons before him. What is necessary to be averred must be proved and may be negatived. Evidence in contradiction of the records of tribunals of special and limited jurisdiction, shewing that the proof necessary to give them jurisdiction was not exhibited, is admissible. (19 Johns. R. 39. 3 Cowen, 206. 11 Johns. R. 175.) It may be shewn that the intestate at the time of his death was not an inhabitant of the county where the letters of administration were granted, in contradiction of the letters. (14 Johns. R. 428.) So it may be shewn in the appointment by a surrogate of a guardian to an infant that the requisite security was not given. (8 Cowen, 304.) In a proceeding against a man for leaving his wife and children a charge to the town, it is allowed to him to aver and prove that he did not leave his wife and children a charge, notwithstanding the fact has been adjudicated by two tribunals. (6 Cowen, 234.) Allowing the surrogate's decree to be *prima facie* evidence of the facts set forth in it, a party affected by such decree is not estopped from controverting and contradicting such facts.

The application for the sale of the real estate ought not to have been entertained after the lapse of 14 years     (6 Johns. Ch. R. 360.)

The defendant was entitled to notice to quit. [17 Johns. R. 158.   1 id. 45.   3 Caines, 188.   1 Johns. C. 153.]

*C. P. Kirkland*, for plaintiff. The evidence of the granting of administration was unnecessary in this case; but if ne-

NEW-YORK,
May, 1830.

Jackson
v.
Robinson.

cessary, the exemplification was sufficient proof of the fact. (1 Phil. Ev. 289. 1 Starkie, 517. 8 East, 187.)

The surrogate had jurisdiction of the several questions raised here and it was his province to decide them. The court will intend that he had proper evidence to justify his decree, which, being unappealed from, is conclusive. (6 Cowen, 494.) His decision is *res judicata*, and cannot be collaterally questioned. (6 Johns. C. R. 381.) The judgment of a court of exclusive jurisdiction, directly on the point, is conclusive. (1 Phil. Ev. 242.) Nothing which might have been insisted on by way of appeal can be urged in answer to the evidence furnished by the decree. (1 Starkie's Ev. 253.) The record of proceedings in a court of limited jurisdiction, regular and correct on the face of it, cannot be impeached in a collateral action. (8 Johns. R. 50. 8 Cowen, 178.) Had the defendant offered to shew that the letters of administration were *not* granted in Jefferson county, the order for sale being made by the surrogate of that county, such evidence would have been admissible, for it would have attacked the *jurisdiction* of the surrogate ; but the evidence offered by him affecting the *exercise* of the jurisdiction, was incompetent and properly excluded.

The sale of the lessor of the plaintiff divested the title of the heirs of the intestate, and of all persons claiming under them. (1 R. L. 450, § 24. 6 Johns. C. R. 381. 20 Johns. R. 420.) Consequently the defendant was not entitled to notice to quit.

*By the Court*, MARCY, J. However extraordinary or erroneous be the determination and proceedings of a court of limited authority, if it acts within its proper jurisdiction as to the subject matter, place and person, its judgment or decree cannot be impeached or invalidated in a collateral action.

This case presents the question—what is necessary to give a surrogate jurisdiction where real estate is directed to be sold to supply a deficiency in the assets to pay the debts of a testator or intestate ? The argument on behalf of the defendant seemed to proceed on the assumption that *an actual deficiency* in the assets must exist in order to confer jurisdic-

tion. By an examination of the act relative to the court of probates, (1 R. L. 450, § 23,) it will be found that the surrogate, if he be the officer for the county in which probate of the will or letters of administration were granted, is required to act *on the suggestion* of an administrator or executor of a deficiency of assets, *and* on receiving an account of the personal estate and debts of the deceased. He thus acquires jurisdiction of the subject matter. Notice is then required to be given for persons interested to shew cause against granting the order for the sale of the real estate. After hearing the proofs and allegations of the executors or administrators and other persons interested in the estate, the surrogate is to examine into and determine the question whether there is personal property sufficient to pay the debts or not; and if he finds there is not enough for that purpose, he orders a sale. In deciding upon the sufficiency of the assets, he acts judicially, and an error in this matter does not affect his jurisdiction. It would no more invalidate his subsequent proceedings than a mistake as to any other matter submitted to his examination and decision. He has not only authority, but it is his duty to settle that question. If he errs, his determination may be reviewed and reversed on an appeal; his proceedings are not void, but voidable only. (3 Cowen, 206.)

It was not made a question but that the surrogate of Jefferson county was the proper officer to entertain the application, and to make the order for the sale in case a sale was proper; but it was contended that *all* the administrators should have joined in the application. When there are several executors, the acts of any one are deemed in law to be the acts of all. (2 Ves. sen. 267. Toller, 324). A distinction in this respect between executors and administrators is found in some books. *Comyn* does not notice it, and I believe if it ever was established, it is now exploded. It was denied in the case of Jacomb v. Harwood, (2 Ves. sen. 265;) and this court has passed on that question, and said that executors and administrators stand on the same ground, and their powers and responsibilities in respect to each other are the same. (*Douglass* v. *Satterlee*, 11 Johns. R. 16. *Murray* v. *Blatchford*, 1 Wendell, 583.) If these cases were

not sufficient to authorize us to disregard, the supposed difference, it would, I apprehend, be very difficult to sustain it by any thing like substantial, reasons. The nature of their offices, certainly so far as the personal estate is concerned, is so much alike that it affords no occasion to apply to the one, in deciding upon their acts, a rule which is inapplicable to the other.

The phraseology of the section directing the proceedings when the real estate is to be sold, would justify an application by *one* administrator, if the general rule was that where there are several they must act conjointly. It is, that " when *any* executor or administrator, &c. shall discover or suspect" a deficiency in the personal estate of his testator or intestate to pay the debts, &c. *he* may make the application in the manner therein provided. Upon general principles, and by the construction of the statute, I am satisfied that a single administrator, when he has an associate, has the right to call in the aid of the surrogate of the proper county to sell real estate, to supply the deficiency in the personal estate, to pay the debts of the intestate.

Some minor questions are raised in this case, upon which we ought to express our views. It is certain that an unreasonable length of time elapsed between the granting of the letters of administration and the period when the proceedings were instituted for the sale of the real property. This might have been, and, without some explanation, should have been a reason for the surrogate to reject the application. The laws fixes no definite limits within which the proceedings must be commenced ; we cannot therefore say that they are void. The time is left to the discretion of the officer, and his error, if any, in relation to it, can be corrected only on appeal.

The judge erred, it is said, in receiving an exemplified copy of the letters of administration without evidence or suggestion of the loss of the original. Where the judgment, decree or proceeding of a court of record is to be proved, it may be done by producing the original or a copy duly authenticated. (Starkie's Ev. pt. 2, 151.) This is the general rule. I cannot find that there is, nor do I know why

there should be an exception to it in relation to the records of surrogates' courts. The letters of administration granted to M'Kee and Doolittle were recorded, (perhaps I might say, were copies of the record.) Lord Ellenborough, in the case of *Alden* v. *Keddell*, (8 East, 187,) said that the letters of administration were only a copy of the original minutes of the court. In that case the book of acts directing letters to be issued, was received as evidence that letters had been granted. I think the judge decided correctly in receiving the exemplification of the letters of administration in this case.

The want of notice to quit did not, in my opinion, form an objection to the plaintiff's recovery. The question of notice can never arise where the relation of landlord and tenant does not exist. The defendant was not in possession as tenant of the lessor. He did not enter by his permission or with his acquiescence; nor did he enter under any person from whom the lessor claimed title. The lessor's title did not come from the *heirs*, but from the *ancestor*, and over-reached the title of the heirs. The statutes declares that the sale, by order of the surrogate, conveys a title to the purchaser valid and effectual against the heirs and devisees, and all claiming from or under them. There is no pretence for saying that the relation of landlord and tenant exists, or ever did exist, between the lessor or those from whom he claims and the defendant, or those under whom he held; and therefore no notice to quit could be required.

Motion for new trial denied.