# SUPREME COURT.

OZEM MERRIFIELD vs. HENRY H. COOLEY, impleaded with ESEK C. BRADFORD.

The rules of law in force at the passage of the code, in regard to actions at law, still prevail, and apply to actions under the code which are based upon legal, as distinguished from equitable principles; and in like manner, that those equitable principles which were in force under the old regime, are still applicable to actions founded upon those principles, excepting where the code, in express terms, provides otherwise.—WELLES, Justice.

In an action against several defendants to recover damages for the breach of a contract, that the plaintiff must recover against all the defendants or not at all, unless in one of the excepted cases provided by statute, that is, where the defendants hold different relations to the plaintiff, and where " a several judgment may be proper. (Code, § 274.)

Thus, where one defendant moved for a commission to examine a co-defendant under § 397, *held*, that the papers not showing that a several judgment would be proper, a *prima facie* case was not made out for a commission. Motion denied.

*Yates Special Term, January,* 1850.—Motion on behalf of the defendant Cooley, for a commission to take the testimony of defendant Bradford, of the town of Elyria, in the state of Ohio, as a witness for defendant Cooley.

The affidavit upon which the motion is founded is in the usual form to obtain a commission to examine a foreign witness.

GEORGE O. RATHBUN, *for the motion.*
WILLIAM ALLEN, *opposed.*

WELLES, Justice.—The papers do not disclose the nature of the action, nor whether it is a case in which the moving defendant (Cooley) could examine his co-defendant (Bradford) as a witness upon the trial. Generally one of several defendants cannot be a witness for the others in the same suit. The code (§ 397) provides that "a party may be examined on behalf of his co-plaintiff or a co-defendant; but the examination thus taken shall not be used on behalf of the party examined." And whenever, in the case mentioned in sections 390 and 391, one of several plaintiffs or defendants who are joint contractors or are united in interest, is examined by the adverse party, the other of such plaintiffs or defendants may offer themselves as witnesses to the same cause of action or defence, and shall be so received. Sections 390, 391, referred to, provide for a party being examined as a witness at the instance of the adverse party. This motion is founded upon the first branch of the above recited § 397. The residue

of that section is only a further provision in relation to the cases mentioned in sections 390, 391, and do not relate to the case of a party being examined in behalf of his co-party.

What, then, is the true construction of that portion of section 397, upon which the motion is founded? Can a party be examined as a witness for his co-plaintiff or co-defendant *in all cases* of a plurality of such parties, subject only to the qualification that such examination shall be used on behalf of the party examined? Unless this question can be answered in the affirmative, the motion must be denied, as otherwise the party moving has not, in his papers, made out a *prima facie* case.

At common law, where a party brought his action against two or more defendants upon a contract, he must recover against all the defendants or none. (1 Ch. Pl. 34, and cases there cited; *Manahan* v. *Gibbons and others*, 19 J. R. 109.) Such was the general rule, subject to a few exceptions, such as a bankrupt discharge, &c. of one of the defendants. (1 Chitty Pl. 35, and cases there cited.) The plaintiff was in all cases bound to prove a joint contract with all the defendants.

In actions sounding in tort, the rule was otherwise, and the plaintiff was allowed to recover against one or more of several defendants as the evidence warranted, and the others might be acquitted.

By section 274 of the code, "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may determine the ultimate rights of the parties on each side, as between themselves. In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper. The court may also dismiss the complaint with costs, in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or to proceed in the cause against the defendant or defendants served."

The general object of this section, I suppose, was to leave the court at liberty to apply the rules which prevailed in the late Court of Chancery, to actions under the code. Having abolished the distinction between actions at law and suits in equity, such a provision or power in the court would become quite necessary to the due administration of justice, in actions founded upon principles of equity. The section also embraces provisions applicable to actions founded upon rules of law, and perhaps to both. For instance, in case of several defendants, a judgment may be rendered against one or more of them, leaving the action to proceed against the others *whenever a several judgment may be proper*.

I think here is a plain recognition of the rule that in actions against several defendants, founded upon legal principles, sounding in contract, the recovery must be against all or none of them, excepting those cases provided by statute, where the defendants hold different relations to the plaintiff, such as maker and endorser of the note upon which the action is brought, and where, in the language of the section, " *a several judgment may be proper*." It seems to be here pretty clearly implied that in some cases several judgments would not be proper.

I am, therefore, prepared to hold that the rules of law in force at the passage of the code, in regard to actions at law, still prevail, and apply to actions under the code which are based upon legal, as distinguished from equitable principles; and, in like manner, that those equitable principles which were in force under the old regime, are still applicable to actions founded upon those principles, excepting where the code in express terms provides otherwise. That in an action against several defendants to recover damages for the breach of a contract, the plaintiff must recover against all the defendants, or not at all, unless in one of the excepted cases above referred to. That the 397th section of the code was not intended to apply to such a case; and that as the papers on this motion do not show that a several judgment would be proper, a case is not made out where the defendant Bradford could be examined as a witness.

It was contended, on the argument, that the question of the competency of the witness should be left to be determined at the trial; and the counsel cited *Graves* v. *Delaplaine*, (11 J. R. 200,) in support of that position. That would be so in an ordinary case, because, although the witness might be shown to be incompetent, yet his competency might be restored before he was examined. But I place the denial of the motion upon the ground that a *prima facie* case is not made out; that by the common law, Bradford is not and cannot be made a competent witness for his co-defendant; and if the case is within the exception of any statute, the fact should be shown.

The motion is denied without costs and without prejudice, &c.