By the Court:

Monell, J.
It must be conceded that the order of the surrogate of the 1st of May, 1867, revoking the letters testamentary to Mrs. Wnest, if enough was shown to confer jurisdiction upon that officer to make the order, was a complete exoneration of her surety from liability under the decree of October, 1868. The statute declares (sec. 32, Laws 1862, p. 417) that upon such revocation the authority and rights of the executor shall cease, and the surrogate is given the same power to require such executor .to account as is conferred by the Eevised Statutes, sec. 36, ibid.
It must also be conceded that the various proceedings, which •are recited in the order of revocation to have preceded the granting the order, if such proceedings were in fact had, were sufficient, so far as they go, to confer jurisdiction upon the surrogate •to make the order.
But it is claimed in the first place that such recitals are not evidence of such proceedings ; and in the second place, that if such recitals were evidence they do not recite enough facts to give the surrogate jurisdiction.
Surrogates’ courts being courts of limited powers, their jurisdiction must in all cases be shown and cannot be intended. Hence, in this .case, the surrogate’s power to make the order of revocation will not be presumed, and if enough did not appear from *579 the proof introduced to show jurisdiction the direction of the learned justice was erroneous.
If the proceeding by the surety to relieve himself from responsibility for the future acts or defaults of the executrix was an original proceeding, then probably tlie order without the recital of the preliminary proceedings was sufficient to show jurisdiction. For when a court or officer of limited powers has once acquired jurisdiction of a subject-matter, it will continue on all the subsequent proceedings in the same matter ; and then every intendment and presumption will be in favor of his jurisdiction on such subsequent proceedings (Monell v. Dennison, 17 How. Pr. R., 422; McCarthy v. Marsh, 5 N. Y. R., 268).
Therefore, if the proceeding to obtain the order of revocation in this case was not a new or original proceeding, but a mere subsequent proceeding in a matter on which the surrogate had already acquired jurisdiction, then, probably, the proof was sufficient.
But I am of opinion that the proceeding to remove the executrix was wholly a new and original proceeding, standing by itself and not aided by any acquired jurisdiction on any previous subject-matter, so that the jurisdiction which the surrogate had to issue the testamentary letters did not reach forward and confer jurisdiction upon him so as to bring his subsequent orders within the rule I have stated.
The power conferred on the surrogate to remove executors and administrators is wholly independent of any other power which he may exercise. The precise grounds upon which he may move and the manner of proceeding are prescribed specifically by statute, and must in all cases be strictly observed.
It was necessary, therefore, to show in this case, not only that an application in conformity to the statute was made by the surety to the surrogate and a citation issued thereupon, but also that such citation had been served in the manner prescribed by the statute. That was not done. The application and issuing the citation were perhaps sufficiently proved by the recitals in the order, but there was'no proof whatever in the order or other *580 wise of the service of the citation upon the executrix, which service was not only required by the statute, but was a jurisdictional fact necessary to be proved on the trial, and is vital to the validity of the order; and the defendant claiming under it was bound to show affirmatively that such service had been made.
In Jackson v. Robinson (4 Wend., 436), the plaintiff claimed to ■recover under a deed from an administrator executed under an order of the surrogate directing a sale of the intestate’s real estate, and it was held that it must be shown that all the proceedings to confer jurisdiction had been taken. In that case all the proceedings were shown.
But in Conim v. Merritt (3 Barb. R., 341), a similar case, the proceedings preliminary to the order of sale were not shown. There was no proof that an account had been delivered to the surrogate, nor of the publication of the order to show cause, ■each of which the court said were necessary for jurisdiction. “ The notice -to appear is in the nature of a first process to summon the parties, and is indispensable to give the surrogate jurisdiction.” The court also held that there were no presumptions to be derived from the order of sale in favor of its validity.
In People v. Barnes (12 Wend., 492), in an action on an administrator’s bond, it was held to be necessary to show, not only the order directing the prosecution of the bond, but also the decree for the payment of the debt, and the neglect or refusal of the administrator to comply with it. These were jurisdictional facts, and the court would not presume that the decree was duly made.
The People v. Corlies (1 Sandf., 228) is to the same effect, where it was held that power to order the prosecution of an administrator’s bond is given in specified cases only, and jurisdiction of the subject-matter can be shown only by proving the, existence of one of .such authorized cases.
In Dakin v. Hudson (6 Cow., 221) there had been a decree of the surrogate to pay a debt and an execution against the person of the administrator'. In an action for an escape, it did not appear that the surrogate who made the decree was the same surrogate who had granted the letters. That was held to be fatal; that *581 it should be shown that the facts upon which the surrogate acted gave him jurisdiction of the subject-matter and of the persons before him.
These cases sufficiently illustrate the rule which requires all jurisdictional facts to be averred and proved, as well' as the effect of omitting such averment and proof.
The omission, therefore, to prove in this case the service of a citation upon the executrix, made the proof of jurisdiction defective, and the plaintiff ought to have had a verdict.
We place our decision solely on the ground of such defective proof, and therefore do not deem it necessary to express any opinion upon the sufficiency of recitals in an order as evidence of the proceedings recited.
The exceptions should be sustained, the verdict set aside, and a new trial ordered, with costs to the plaintiff to abide the event.