New York County.—HON. D. C. CALVIN, Surrogate.—
September, 1878.

## Stevens *v.* Stevens.

*In the matter of the estate of* Paran Stevens,
*deceased.*

Where letters testamentary had been issued from a Surrogate's Court of this state to an executor, who was a non-resident, and subsequently his surety, desiring to be relieved from future responsibility as such, procured a citation from the same court, requiring the executor to appear before it and give new sureties, which citation was served upon him personally, but without the limits of this state,—*Held*, that the statute not providing for substituted service, and the executor having originally subjected himself to the jurisdiction of the court, the service made should be regarded as sufficient.

MARIETTA R. STEVENS, by petition, alleged that she was one of the sureties upon the bond of Charles G. Stevens, residing in Massachusetts, executor of the last will and testament of Paran Stevens, deceased, and that she desired to be released from responsibility for his future acts or defaults as executor. On this petition a citation was issued, directed to the said executor, requiring him to appear before this court to give new sureties, pursuant to an order of this court made for that purpose. On the return day, the citation was returned, with proof of personal service upon the executor named, in the State of Massachusetts, where he resides. It was thereupon objected by his counsel that such service was void, and that no proceedings can be taken thereon.

MAN & PARSONS, *for the petitioner.*

C. A. DAVISON, *for the executor.*

THE SURROGATE. — In Dunn *v.* Dunn (4 *Paige*, 425), it was held that service of a subpœna upon the defendant in another state or county was irregular, and no proceedings could be founded thereon, unless the defendant voluntarily appeared; and the Chancellor, after stating that he is "not aware of any reported case in which the question had been raised in this state," cites several English authorities somewhat conflicting, but resulting, as the court thinks, in the doctrine above enunciated.

In Green *v.* Oneida (10 *Wend.*, 592), it was held that where a suit was commenced by declaration in the Common Pleas of one county, a copy of such declaration could be served on the defendant while in

another county, but that was based upon the implication to be derived from the Act of 1833 (*Laws of* 1833, p. 394, § 2.)

In Litchfield *v.* Burwell (5 *How. Pr.*, 341), it was held that an admission of service of summons by defendants residing out of the state was ineffectual as the basis of any judicial proceedings *in personam* in this state, and the court says: "Service of process out of the territorial jurisdiction of the court from which it issued was at common law a nullity."

In Hulbert *v.* The Hope Mutual Insurance Company (4 *How. Pr.*, 274), it was held that service of a summons upon the president of a foreign corporation temporarily in this state gave the court no jurisdiction against the corporation for the purpose of a personal judgment upon contracts made in this state, or for debts due to residents of this state, and this decision was affirmed by the General Term. (4 *How. Pr.*, 415.)

In The People *ex rel.* Meyer *v.* Hartman (2 *Sweeny*, 576), it was held that in order for a Surrogate to remove an executor, it was necessary that it should appear that service upon the executor had been made according to the statute.

By section 66, 3 Revised Statutes, [6th ed.], 84, (2 *R. S.*, 79, § 36,), it is provided that when the sureties of executors or administrators desire to be released from responsibility, they may apply to the Surrogate for relief, and the next section directs the Surrogate thereupon to issue a citation to such executor, requiring him to appear and give new sureties, which citation shall be served personally upon the executor at

least six days before the return day, or, if he shall have absconded or cannot be found, that it may be served by leaving a copy at his last place of residence. It is claimed by counsel for the executor, that inasmuch as this court is the creature of statute, it must conform to the authority of the statute in the exercise of its functions, and that as the general principle is that the service of process is inoperative for any purpose if made in another state, and the section under consideration makes no provision for such service upon a non-resident, it is a case of omission, which would seem to result in placing the executor in this case beyond the reach of this court in respect to the proceedings instituted in this matter.

I do not understand the counsel to claim that there is any statute authorizing the publication of the citation in this matter, or that such power is to be implied from the subsequent provisions of the statute for such service in numerous specific cases. It would seem to follow from that argument that a non-resident executor, for the purpose of such proceedings, is beyond the reach of the court, and that the statute authorizing his sureties to apply to be discharged — a statute expressly enacted for the relief of such sureties — is wholly inoperative.

From the best information I have been able to obtain, it appears that it has been the uniform practice of this court to recognize the validity of a personal service outside of the state in every case where substituted service is not provided by statute. Indeed such a course would seem to be absolutely necessary in order to administer the statute, which is the basis of this proceeding.

When an executor applies for and receives letters testamentary from this court, by which he assumes to administer an estate, it seems to me that he subjects himself to the jurisdiction, and, in effect, undertakes to obey the orders, of this court in respect thereto, and I am not willing to hold that by the fact of his non-residence or his subsequent removal from the state he can absolve himself from accountability in respect thereto, or, in the absence of any authority to advertise in such a case, if personal service out of the state shall be held ineffectual, to place himself beyond the reach of this court and deprive his sureties of the protection which the statute under consideration was intended to afford him.

I am of the opinion that the personal service upon the executor in this case, though made in a sister state, gives this court jurisdiction to release the sureties, and that a representative of an estate deriving his powers and authority from this court constitutes a necessary, as well as a reasonable, exception to the general rule that papers served in another state are inoperative, and that when a proceeding is provided for and personal service prescribed as a means of obtaining jurisdiction, and there is a failure to provide for a substituted service, that such personal service should be held good, wherever made.

In these various cases which have been cited, it is worthy of attention that the parties might have had the redress sought by bringing their proceedings in the court of the state where the defendant resided and were served, while in such proceedings as the one under consideration no such redress could be secured within the jurisdiction of another state.

The question as to the motives which have prompted this proceeding, and its effect upon the estate, I do not deem it my duty to consider, for it is clear that the surety is entitled to the relief she asks; and in every case, if the executor shall be unable to give substituted surety, it must result in a revocation of his letters; but that is a result growing out of the statute itself, and, therefore, affords no excuse for denying the rights which the statute was enacted to confer.

I am of the opinion that the prayer of the petitioner should be granted.

Ordered accordingly.