### IN THE

# SURROGATES' COURTS

### OF THE

## STATE OF NEW YORK.

---

ALBANY COUNTY.—HON. FRANCIS H. WOODS, SUR-
ROGATE.—April, 1885.

TRACEY *v.* SLINGERLAND.

*In the matter of the estate of* PETER W. TEN EYCK,
*deceased.*

Under Code Civ. Pro., § 2706, relating to a special proceeding to discover
property of a decedent withheld from his representative, and providing
that "*an* executor or administrator" may present to the Surrogate's
court a petition praying an inquiry, one of two co-representatives may
proceed alone, without alleging a demand upon and refusal of the
other to unite with him, or otherwise explaining the non-joinder.

The substitution, in the section cited, of the words quoted, in place of
"*any* executor or administrator," used in the original act (L. 1870,
ch. 394, § 1), is a mere change in phraseology, which has effected no
alteration in the law.

PETITION of James T. Tracey, an administrator of
the estate of decedent, for the examination of Cor-
nelius H. Slingerland, under Code Civ. Pro., § 2706,

respecting certain personal property belonging to that estate, alleged to be in the possession of the latter. There was also an administratrix of decedent's estate, who had duly qualified and was acting ; but the petition did not show a demand upon or refusal by her to join in instituting the special proceeding, nor did it, or the accompanying affidavit, mention or in any manner refer to her.  The objections taken are stated in the opinion.

MATTHEW HALE and JAS. FENIMORE COOPER, for petitioner.

N. C. MOAK and WM. C. McHARG, for respondent.

THE SURROGATE.—This is a proceeding begun by one of the administrators of Peter W. Ten Eyck, deceased, to discover property of the deceased, alleged to be withheld from the petitioner.  There are two objections made to the proceeding, one on the ground that the petition does not set forth sufficient facts, and another that the petition is defective, in that, as there are two administrators of this estate, and only one of them petitions, the proceedings cannot go on without joining the other administrator.

As to the first objection, I am of opinion that the allegations of the petition relating to the withholding of the property and describing the property withheld, are sufficient, and I so hold.

As to the second question, which has been earnestly urged and ably argued, I am not so clear.  I do not find any decision directly in point, nor do I find that such an objection has been raised since the adoption of the Code of Civil Procedure.  I am of opinion,

however, that one of two may maintain these proceedings under § 2706 of the Code, without bringing in his co-administrator.

In many respects they may act separately. One may sell personal property without the consent of the other; one may receive and hold the funds of the estate, and is not responsible for the waste or misconduct of the other, unless he directly or indirectly makes himself a party thereto, and is chargeable with all the assets which he actually receives. In a word, each has control of the estate, and may release, pay or transfer, without the agency of the other. In view of this relation between them, it may be reasonably said that any one of them may institute a proceeding under § 2706 of the Code, which provides, in brief, that *an* executor or administrator may present to the Surrogate's court a written petition, tending to show that money or other personal property which ought to be included in the inventory is withheld from the administrator, and thereupon the Surrogate may issue his citation accordingly.

This section of the Code was taken from chapter 394 of the laws of 1870, which gave power to any administrator to begin these proceedings. The substitution in the Code of the words " an administrator " for " any administrator," used in the statute of 1870, was merely a change of phraseology, without changing the meaning of the law. And it has been expressly held that when *any* administrator might begin a proceeding, a single administrator, where he has an associate, has the right to call in the aid of the Surrogate (Jackson v. Robinson, 4 *Wend.*, 436).

And it seems to me that this is a proper construction to give to this section of the Code, for the additional reason that one administrator might refuse to proceed, or might be in collusion with the party withholding the property.

On principle then, as well as by construction of § 2706 of the Code, I am of the opinion that the administrator who began these proceedings had the legal right to do so.

Objections overruled.