In the Matter of the Examination of CORNELIUS H.
SLINGERLAND, in Relation to Assets of the Estate of
PETER W. TEN EYCK, Deceased.

*Examination of a person having property belonging to the estate of a deceased person—
all the executors or administrators should be parties to the proceeding — Code of
Civil Procedure, sec. 2706 — an order denying a motion to dismiss the proceeding is
appealable.*

On the petition of one Tracy, as administrator of the estate of Peter W. Ten Eyck,
the Surrogate's Court of Albany county issued a citation requiring one Slinger-
land to appear and be examined as to certain articles of personal property
belonging to the estate which were alleged to be in his possession. Upon the
return day it was shown that letters of administration had been issued to the
intestate's widow, as well as to the petitioner; and that both had qualified and
each had filed a separate inventory.

*Held*, that the petition and citation should have been dismissed, as the adminis-
tratrix should have been made a party to the proceeding.

That an order of the Surrogate's Court denying a motion for a dismissal of the
petition affected a substantial right, and was appealable.

APPEAL by Cornelius H. Slingerland from an order, made by the
Surrogate's Court of Albany county refusing to dismiss the peti-
tion and citation of one Tracy, as administrator of Peter W. Ten
Eyck, requiring appellant to appear before the surrogate and be
examined concerning the personal property belonging to the estate
of the deceased.

One Tracy, as administrator of Peter W. Ten Eyck, deceased, on the 3d of December, 1884, presented a petition to the Surrogate's Court of Albany county, praying for an order respecting certain property he alleged to belong to his intestate, and to be in the possession or under the control of said Slingerland, accompanied by the affidavit of Peter Whitbeck, specifying the property, etc.

The surrogate, December 3, 1884, issued a citation to Slingerland requiring him to appear on the 18th of December, 1884, "then and there to attend the inquiry concerning certain personal property belonging to the estate of Peter W. Ten Eyck, * * * alleged to be in your possession and under your control, and to be examined personally in respect to the same." At the time appointed Slingerland appeared and showed that letters of administration were issued upon the estate of Ten Eyck to Elizabeth Ten Eyck, his widow and Tracy, jointly, July 11, 1883; and that each qualified and that each had filed a separate inventory. Slingerland moved to dismiss the proceedings on the grounds, among others, that the petition and proceeding was not in the name of both administrators, nor was the administratrix in any way made a party to the proceeding The surrogate denied the motion, and Slingerland appealed to this court.

*William C. McHarg* and *Nathaniel C. Moak*, for Slingerland, appellant.

*James Fenimore Cooper* and *Matthew Hale*, for Tracy, administrator of Ten Eyck, respondent.

LEARNED, P. J.:

It is not necessary for the appellants to insist that the order was void. The petition did not show that there was an executrix, and therefore justified the granting of the order. It is enough for the appellants to show by other proof that it should be set aside; as where a defect of parties plaintiff does not appear on the face of the complaint. (Code, § 498.) That the order for examination affects a substantial right can hardly be doubted. If the appellant shows that it should not have been granted, then the refusal to set it aside affects a substantial right. The motion to set the order aside is not analogous to a motion to dismiss a complaint on the

trial. Here an order of the court has been granted. If improperly, it should not stand. To require the appellant to go through with the examination and then appeal would be to deny him any redress. He claims that on the facts shown he should not be examined. His appeal is more analogous to an appeal from an order requiring a party to be examined before trial. It could never be held that, under such an order, the party must submit to the examination and afterwards appeal.

The general rule is undoubtedly that in any legal proceedings against a third person all the executors must join. True, one executor of several may receive payment of a debt. So may one partner. But all partners must join in legal proceedings against a third person. The provision of section 448 that a person who refuses to join as plaintiff may be made defendant, shows the uniformity of the principle that all who are interested must be parties. Again, in an action against two or more executors, all are considered as one person. (Sec. 1817.) And section 1818 provides that one of two or more executors to whom letters have not been issued is not a necessary party to an action *or special proceeding*. By implication this declares that all to whom letters have been issued are necessary parties to an action or to a special proceeding.

The respondent relies on the use of the words " *an executor*," in section 2706. But it is a familiar rule that the singular should be construed to embrace the plural where good sense requires. And it will be seen by reference to section 2750 that when it was intended that one executor of several might take a special proceeding, this was expressly stated, " an executor or administrator, whether sole or joined in the letters with another." *Expressio unius exclusio alterius.* If it is specially provided in section 2750 that in the proceedings therein authorized one of several may act, the fair inference is that all must act when the contrary is not expressly provided.

But it was urged that by the decision in *Jackson* v. *Robinson* (4 Wend., 436), one of several executors might take proceedings for the sale of real estate. That case throws no light on the present question. 1. The decision was in favor of a *bona fide* purchaser. 2. The petition did not show that there was another executor, and therefore the proceedings were regular on their face. 3. The Code

(§ 2750) has expressly provided that one of several executors may act in that case. 4. That proceeding is not strictly against a third person claiming, it may be, in opposition to the estate.

The respondent insists that by the amendment of 1881, chapter 535, the proceedings must be dismissed if the party to be examined makes oath that he is the owner, etc. Hence the respondent urges that this proceeding is not like an action, and no relief against the party is given. But it must be remembered that when this law was adopted there was no such provision, and that by section 2712 the surrogate could compel delivery or security even against one claiming to own the property. We must construe section 2706, therefore, as the law stood when it was adopted. It then established what was equivalent to a very speedy and summary action for the recovery of property. There is no reason why, in such a summary proceeding to recover property, the same persons should not be parties plaintiff, as would be necessary in a formal action of trover or assumpsit.

We think the order of the surrogate refusing to dismiss the petition should be reversed, and the petition should be dismissed. The question is new, and the petitioner is an administrator. Therefore no costs are allowed to either party.

BOCKES, J.:

On the argument of this appeal I was quite inclined to the opinion that the proceeding made Mr. Slingerland a witness merely as to the matters of inquiry, and in no way affected his rights of property. But an examination of the Code of Civil Procedure, under which action is taken (sec. 2706 *et seq.*), shows that the proceeding is against him *as a party*. A trial is provided for (sec. 2711), and *either party* may produce further evidence than such as may be given by the person named and proceeded against in the petition. A judgment or decree may be made against him for the possession of the property, and a warrant of dispossession may be issued thereon to the sheriff. He is none the less a party because of his right to arrest the proceeding by giving security, as provided for in section 2713. Indeed that rather emphasizes the assertion that he is a party.

Thus it appears that the action taken is a special proceeding in

which the petitioner and the person named in the petition, whose examination is sought, are adverse parties — adverse parties in a legal proceeding, having for its object a trial and a judgment of a competent tribunal. Such a proceeding should be taken in the names of all the persons directly interested in its prosecution. I am quite satisfied with the opinion of Mr. Justice LEARNED on all branches of the case, and concur in his conclusion that the order appealed from should be reversed.

Present — LEARNED, P. J., BOOKES and LANDON, JJ.

Order reversed, no costs to either party.