STOWE et al., Appellants, v. BANKS et al.

### Division One, July 9, 1894.

1. **Administration:** SALE OF LAND: ORDER: COLLATERAL ATTACK. Where one of two administrators presents to the probate court a petition for the sale of land, and the order directs the administrator to sell, and after the sale has been approved the administrators make the deed, the sale is valid in a collateral proceeding.

2. ———: ———: ———. Where, after order to show cause, land is sold to pay debts and afterwards repurchased by the administrators for the estate, a second order to show cause is not necessary.

3. ———: ———: ———: REDEMPTION. Evidence examined and *held* that the heirs of the deceased would not be permitted to redeem from a sale of the decedent's land by the administrators.

4. ———: ———: ———: MORTGAGE. Where the administrators, because the court will not authorize them to borrow money to pay debts, obtain an order to sell land, and in so doing take from the purchasers an agreement to resell within a year for the same price with interest, the transaction will not be deemed a mortgage.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*J. G. Trimble* for appellants.

(1) The deed to Martin and French was void, or, at best, only a mortgage, and the title remained in the heirs. *First.* Where two or more persons are qualified as executors or administrators * * * all must join in an application for an order to sell real estate.

A license granted to one of several executors is irregular and invalid. 2 Woerner's American Law of Administration, 1023; *Personette v. Johnson*, 40 N. J. Eq. 173; *Hannum v. Day*, 105 Mass. 33; *Gregory v. McPherson*, 13 Cal. 562, 578. *Second.* A conveyance for security of debt, however absolute in form, is a mortgage. *O'Neil v. Capelle*, 62 Mo. 202, and numerous other decisions. *Third.* The probate court having acquired no jurisdiction by reason of want of petition, its judgment approving the sale can not conclude the heirs. Probate judgments are not conclusive unless the court was possessed of jurisdiction of the subject-matter and persons. 2 Black on Judgments, sec. 633; *Gordon v. Kennedy*, 36 Iowa, 167. A void judgment has no conclusiveness whatever in any kind of proceeding, collateral or direct. 2 Black on Judgments, sec. 513, and authorities cited. (2) The equitable title remaining in the heirs, the conveyance from Martin, French and French to the "administrators" could not divest it, nor could their deed transfer it to Banks. Banks was not an innocent purchaser in fact or in law. The rule of *caveat emptor* applies to all transactions with administrators. 2 Woerner's American Law of Administration, 1077. (3) The sale to Banks conveyed no title, because it was made without order of the probate court, and because it was made to procure money to pay the debt to Martin and French, a debt contracted by the administrators. Land can be sold only to pay debts contracted during the lifetime of the deceased. 2 Woerner's American Law of Administration, 1035, 1038, and authorities cited. (4) This being a suit for redemption, neither the statute of limitations nor of frauds applies. *Gillespie v. Stone*, 70 Mo. 505; *O'Neil v. Capelle*, 62 Mo. 202. In *Mastin v. Ratcliff*, 101 Mo. 254, redemption was permitted fifteen years after sale.

*George Robertson* for respondents.

(1) The petition for sale of the land being made by one administrator does not affect the validity of the sale. 2 Woerner's American Law of Administration, sec. 346; *Jackson v. Robinson*, 4 Wend. 436; *Melms v. Pfister*, 59 Wis. 186. The case of *Littleton v. Addington*, 59 Mo. 275, is not in point. (2) In the latter case the executors were required to exercise a discretion and judgment, but when the petition is by an administration to sell land the judgment required is exercised by the court upon a certain state of fact, to wit: That the sale is necessary to pay debts. No petition to sell lands to pay debts is necessary. R. S. 1889, sec. 169. This section has been in the statutes since 1865. *Patee v. Mowry*, 59 Mo. 161. (3) If the petition for sale was insufficient the only remedy is that of appeal. *Ruggle v. Webster*, 55 Mo. 246; *Wilcoxen v. Osborn*, 77 Mo. 621; *Murphy v. DeFrance*, 105 Mo. 53; *Price v. Springfield, etc.*, 101 Mo. 107; *Camden v. Plain*, 91 Mo. 117. Such a defect is not subject to collateral attack. (4) The transaction between the administrators and Martin and French was a sale and not a mortgage. Two witnesses testified that it was never intended as anything but a sale. The administrator had no power to mortgage. Any agreement outside of the sale transaction would be void because not authorized by law. *Litterington v. Hooker*, 58 Mo. 593; 2 Woerner's American Law of Administration, sec. 345. (5) There is no doubt about the right of the administrator to purchase the land at an administrator's sale and hold it for the benefit of the estate. *Clark v. Drake*, 63 Mo. 354; *Dettenger v. Kelley*, 84 Mo. 561; *Coot v. Coot*, 53 Mo. 362; Woerner's American Law of Administration, sec. 487; *Marshall v. Carson*, 38 N. J. Eq. 250. (6) The

sale by Martin and French and their grantee back to the administrators invested them with the title as individuals, but in trust for the creditors of the estate. *Mabary v. Dollarhide*, 98 Mo. 198; *VanDyke v. Johns*, 12 Am. Dec. 85; *Clark v. Clark*, 35 Am. Dec. 676. Henry Stowe is barred by section 6767, R. S. 1889; *Gray v. Yates*, 67 Mo. 601.

BLACK, P. J.—The petition contains two causes of action, the first is an action of ejectment to recover possession of section 12, township 50, range 7, in Audrain county, and the second is a suit in equity to redeem the same land. The three plaintiffs are the heirs at law of Julius J. Stowe, and the defendants are the widow and heirs of Thomas Banks.

Julius J. Stowe died in 1874, the owner of the land in dispute. Clarence Buell and Elizabeth B. Stowe administered upon the estate. They conveyed this section of land to James S. Martin and William L. French by an administrator's deed, dated the ninth of January, 1877.

The first contention is that this administrator's deed is void, because the order of sale was granted on the petition of Buell alone, the administratrix not joining therein. As to this question the record discloses the following facts:

Buell presented to the probate court a petition for an order to sell this and other real estate, describing himself therein as "one of the administrators of the estate of J. J. Stowe, deceased." On the presentation of this petition the probate court made an order to show cause why the land should not be sold to pay the debts of the deceased, in the usual form. Thereafter the court made an order which begins with this recital: "Now at this day comes Clarence Buell and E. B. Stowe, administrators of said estate." Then

follows a finding that the order to show cause had been duly published, and an order that the "administrators sell the lands at private or public sale." Thereafter Clarence Buell as administrator made report that he had sold the section now in question to James S. Martin and William L. French at private sale for $3,000, it having been appraised at $3,800. This report was approved on the ninth of January, 1877. The order of approval contains this recital: "Now comes C. Buell, one of said administrators of said J. J. Stowe, and submits to the court his report of sale," etc. This order of approval directs "the administrators" to execute a deed to the purchasers. The deed bears the same date, is in due form, and is signed by the administrator and the administratrix.

Our statute provides that if the personal estate shall be insufficient to pay the debts of the deceased, "his executor or administrator shall present a petition to the probate court" praying for the sale of the real estate. It has been held under a like statute that where there are two or more administrators, all should join in the petition for a license to sell, and that a license granted to one executor or administrator is invalid, and this for the reason that the powers of administrators are joint. *Hannum v. Day*, 105 Mass. 34. Other courts have asserted a different rule. *Melms v. Pfister*, 59 Wis. 186; *Jackson v. Robinson*, 4 Wend. 436. Regularly all of the administrators or executors should apply for the order, but in this case both appeared in the probate court and made proof of the order to show cause, and the order to sell is joint and both joined in executing the deed. The most that can be said is that the proceedings are irregular, and we have no hesitancy in saying the sale is valid in a collateral proceeding like this. It may be doubted whether the objection would be good on a direct

appeal. The deed, therefore, vested the title to the land in Martin and French.

The further facts upon which the plaintiffs base a right to redeem are to the following effect: The deed from the administrators to Martin and French bears date, as has been said, the ninth of January, 1877; It vests in Martin twenty-two thirtieths and in French eight-thirtieths. On the second of February, 1877, Martin conveyed to William L. French two-thirtieths and to E. P. French ten-thirtieths, so that Martin and W. L. and E. P. French became the owners of the land in equal undivided parts. This deed contains a stipulation to the effect that the three were bound by a contract, the terms of which are not stated, made by the administrator of the one part and Martin and W. L. French of the other part. On the twenty-eighth of December, 1877, James S. Martin, W. L. and E. P. French conveyed the land back to "E. B. Stowe and Clarence Buell, administrators of the estate of J. J. Stowe" for the consideration of $3,300. This deed contains the statement that it is made in compliance with the conditions of a certain contract to said parties of the second part, made by the parties of the first part, William L. French, and James S. Martin, dated November 27, 1876. On the twelfth of February, 1878, the administrators made a report of sale of certain real estate, not now in question, to the probate court, which report was approved. This order of approval goes on to say: "And it appearing to the court that since the last term of this court said estate has acquired title to the following land," describing the section now in dispute, "and that there are yet remaining debts due by said estate and unpaid, it is ordered that said administrators sell at private or public sale for cash all of the following lands," describing this section, and also other lands included in a former order of sale.

Thereafter and on the thirty-first of December, 1878, E. B. Stowe and Clarence Buell, by their warranty deed of that date, conveyed the section now in question to Thomas Banks for the consideration of $5,500.

There is considerable conflict in the parol evidence, but taken in connection with the recitals in the deeds, it establishes the following facts: Prior to the date of the administrator's deed the administrators entered into a written agreement, which was not produced on the trial, whereby they acquired the right to reacquire this section of land by paying to Martin and French $3,000, and interest thereon, within one year; that the land was conveyed back to administrators pursuant to this agreement for the consideration of $3,300; that the agreement was made by the administrators for the benefit of the estate and not for their individual benefit; and that Thomas Banks had notice and knowledge of this agreement when he purchased the land. He paid $5,500 for the land, and the administrators accounted to the estate for the money thus received. On final settlement there was paid to each of the three plaintiffs the sum of $1,051.

The administrator's deed vested the title in Martin and French, and the deed to the administrators vested the title in them; but they held the land in trust for the benefit of the estate. *Mabary v. Dollarhide*, 98 Mo. 198. The creditors and heirs could have pursued the land, while the title remained in the administrators, and the question is whether the heirs can enforce their claim against Banks, who purchased with full knowledge of the facts constituting the trust. We think they can not, and for these reasons: The administrators acquired the title for the benefit of the estate and not by way of any breach of trust. The estate still owed debts so that it was necessary to sell the land again. The legal title was in them, and they sold the

land by the direction of the probate court and accounted for the proceeds. Under these circumstances it was not necessary to procure a new order to show cause why the land should not be sold. The estate and these plaintiffs received all the benefits arising from the transaction, and the claim now set up by the plaintiffs is unjust and inequitable, and they ought not to be allowed to redeem.

It is insisted on behalf of the plaintiffs that the sale by the administrators to Martin and French was made as security for the payment of $3,000 and the transaction should be deemed and considered a mortgage. There is evidence tending to show that such a transaction was agreed upon in the first instance, but the parties were advised that the administrators could not procure an order of the probate court allowing them to borrow money. They then procured the order of sale. The evidence shows to our entire satisfaction that the administrator's deed to Martin and French was not made as security, but was an intended out and out sale, with an agreement giving the administrator the right to purchase the property at any time within one year. The judgment of the circuit court, which was for defendants, is affirmed. All concur.